**GOVERNMENT OF the REPUBLIC OF CHINA, Plaintiff,**

v.

**COMPASS COMMUNICATIONS CORPORATION, Defendant.**

**Civ. A. No. 77–1378.**

United States District Court, District of Columbia.

Aug. 6, 1979.

Isidore H. Wachtel, Glade F. Flake, D. Mark Baker, Wachtel, Ross & Matzkin, Chevy Chase, Md., for plaintiff.

Charles Halleck, Washington, D. C., for defendant.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff Government of the Republic of China has brought this action for breach of contract against defendant Compass Communications Corporation, which has counterclaimed for intentional interference with contractual relations. This matter is before the Court on the following motions: (1) plaintiff's motion for summary judgment; (2) plaintiff's motions to strike; and (3) defendant's motion to strike.

■ Plaintiff has moved to strike translations of Chinese language documents on the ground they lack trustworthiness and authenticity. There can be little question that the translations, by defendant's own admission, lack the prerequisites of admissible evidence. Consequently, the Court will exclude the translations for the purpose ·of deciding plaintiff's motion for summary judgment. *See, Holloway v. John E. Smith's Sons Co., Div. of Hobam*, 432 F.Supp. 454, 456 (D.S.C.1977).

■ As to plaintiff's motion to strike from Arthur Bernstein's affidavit certain statements that are not admissible into evidence, Federal Rule of Civil Procedure 56(e) sets forth clear requirements that affidavits in support of or in opposition to motions for summary judgment must be made on personal knowledge, set forth facts admissible in evidence, and be within the competency of the affiant. *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). To the extent that Mr. Bernstein's affidavit contains hearsay and generalized, conclusionary and unsubstantiated statements, it is insufficient to create genuine factual disputes and will not be considered by the Court in deciding the motion for summary judgment. *See, Citizens Environmental Council v. Volpe*, 484 F.2d 870 (10th Cir. 1973), *cert. denied*, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286 (1973).

■ Defendant's objection to the affidavit of General Ha-hsiung Wen on the grounds it contains hearsay and legal conclusions is too general to enable the Court to act. In addition, affiant Wen swears that the recitations are made from personal knowledge and supports his statements with authenticated documentary evidence. Therefore, this affidavit will not be stricken.

For purposes of this motion, plaintiff has indicated its willingness to dismiss all claims, but those contained in Counts I, II and III. Defendant agrees that there are no genuine issues of material fact as to Count II and that plaintiff is entitled to judgment on that claim in the amount of $93,100 as a matter of law.

*Count I*: It is undisputed that on or about March 22, 1974, the parties entered

into written Purchase Agreement TC 3005(c)–030–1 in the amount of $259,900 for delivery by defendant of 20 AN/GRC–106A radio sets within one year of the agreement. The contract became effective September 9, 1974 when plaintiff established a letter of credit to the benefit of defendant in addition to a down payment of $129,950 forwarded on August 29, 1974. In June of 1974 General Wen became informed of defendant's admitted poor financial condition as a result of a visit to defendant's Newark offices. Defendant notified plaintiff by letter dated July 16, 1975, that it would not make delivery of the items required by P.O. TC 3005 until December, 1975 or early in 1976. On August 29, 1975, plaintiff informed defendant that it was cancelling the contract and subsequently entered into a purchase agreement for the goods with Cincinnati Electronics, defendant's supplier. Defendant voluntarily returned $75,000 of the original downpayment and plaintiff now seeks the balance of $54,950.

The anticipatory repudiation provision of the Uniform Commercial Code, D.C.Code 28:2–610, provides that either party to a contract of sale of goods can take action to protect contract rights where there is evidence that the other party will not be able to perform its contractual obligation and such failure will result in substantial impairment of the value of the contract. The other party has the right to recover for breach where the repudiating party has communicated by word or conduct, unequivocally and positively its intention not to perform. *Order of Ahepa v. Travel Consultants, Inc.*, 367 A.2d 119 (D.C. App.1976). In the instant case, there can be little question that defendant's notice of inability to perform by September, 1975, coupled with its June, 1975, admissions to plaintiff of its bad financial condition were sufficient to repudiate its performance.

The Uniform Commercial Code, D.C.Code 28:2–209, requires that an agreement modifying a contract must conform to the statute of frauds, D.C.Code 28:2–201. Defendant has failed to produce evidence of a writing signed by plaintiff extending the time for performance under the contract. In addition, the agreement between the parties lacks the exculpatory language necessary to relieve an electronics company, such as defendant, of liability on the ground of impossibility where there are technical problems with production. *See, United States v. Wegematic Corp.*, 360 F.2d 674, 677 (2d Cir. 1966). It is clear that the uncontroverted evidence establishes that plaintiff is entitled to relief under the Uniform Commercial Code, D.C.Code 28:2–610 and 2–711.

*Counterclaim*: In order to recover for inducement of breach of contract, defendant must prove: (1) existence and knowledge of a contract, (2) intentional procurement of its breach by the defendant and (3) damages resulting from the breach. *Alfred A. Altimont v. Chatelain, Samperton & Nolan*, 374 A.2d 284 (D.C.App.1977). Since defendant has admitted that it did not pay to Cincinnati the $75,000 advance payment required as a condition precedent to the supply agreement, it cannot establish the existence of a contract between itself and Cincinnati. Furthermore, defendant has failed to produce competent evidence to controvert plaintiff's contention that its agreement with Cincinnati was to cover defendant's breach and not to induce Cincinnati to breach an agreement with defendant. *See, Merit Motors Inc. v. Chyrsler Corp.*, 417 F.Supp. 263 (D.D.C.1976), aff'd 187 U.S.App.D.C. 11, 569 F.2d 666. In view of the foregoing, defendant, as a matter of law, cannot recover on its counterclaim.

*Count III*: The parties agree on the following facts: On March 23, 1973 plaintiff forwarded a down payment of $45,120 to the defendant pursuant to Purchase Agreement TC 61–101–04 in the amount of $180,-480 for defendant's delivery of batteries and battery chargers, specifically designed for use with the batteries. The letter of credit issued for defendant's benefit pursuant to the purchase agreement originally

expired on November 29, 1973, but plaintiff, at defendant's request, extended the credit until July 30, 1974. During a period from December 3, 1973 to May 30, 1974, the defendant delivered contract goods valued at $101,093 and in accordance with the agreement's terms of payment, plaintiff paid the defendant $75,994. By December 27, 1974, defendant had delivered only two of the ordered battery chargers to plaintiff. As a result, plaintiff notified defendant it was cancelling the contract for failure to perform.

Defendant argues that summary judgment is inappropriate on this count because it was ready and able to perform at the time of cancellation, and, furthermore, the due date of the contract had not passed. Consequently, defendant contends, plaintiff's cancellation breached the agreement damaging defendant to the extent of $30,000.

■ This agreement ignores defendant's own admission in a letter to plaintiff dated December 12, 1974 and attached as exhibit 102 to plaintiff's answers to interrogatories that the battery chargers were "late." Defendant has not produced competent probative evidence to show that there are genuine factual issues as to the date performance was due under the contract or defendant's ability to perform by that date. *See, Merit Motors, Inc. v. Chrysler Corps., supra.* Thus, plaintiff is entitled to the relief it seeks under the Uniform Commercial Code, D.C.Code 28:2–711 and 2–612, which is restitution of the overpayment to defendant in the amount of $20,026.

Accordingly, defendant's motion to strike is denied. Plaintiff's motions to strike and for summary judgment are granted and judgment in the amount of $168,076 is entered for plaintiff.