**Myrtle Nell CATRETT, Administratrix of the Estate of Louis H. Catrett, deceased, Appellant**

v.

**JOHNS–MANVILLE SALES CORPORATION, et al.**

No. 83–1694.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 6, 1984.

Decided March 8, 1985.

Bork, Circuit Judge, filed dissenting opinion.

Peter T. Nicholl, Baltimore, Md., with whom James F. Green and Robert A. Taylor, Washington, D.C., were on brief, for appellant. ·

H. Emslie Parks, Towson, Md., for appellee, The Celotex Corp.

Charles E. Dorkey, III, New York City, was on brief, for appellee, Turner & Newall Ltd.

Francis J. Ford, Washington, D.C., was on brief, for appellee, Armstrong World Industries, Inc.

Before WALD, BORK and STARR, Circuit Judges.

Opinion for the Court filed by Circuit Judge STARR.

Dissenting opinion filed by Circuit Judge BORK.

STARR, Circuit Judge.

Appellant Myrtle Nell Catrett filed this wrongful death action in United States District Court in September 1980. Her complaint, sounding in negligence, breach of warranty, and strict liability, alleged that the death in 1979 of her husband, Louis H. Catrett, resulted from his exposure to products containing asbestos manufactured or distributed by fifteen named corporations. During the proceedings below, two manufacturer-defendants filed motions challenging the District Court's *in personam* jurisdiction; the other thirteen corporate defendants filed motions for summary judgment. The District Court granted the vari-

ous motions as to all defendants. Mrs. Catrett now appeals only from the District Court's grant of summary judgment to Celotex Corporation.[1]

After reviewing the record in this case, we are constrained to conclude that the District Court erred in granting summary judgment in favor of Celotex. Accordingly, we reverse and remand for further proceedings.

## I

The version of Celotex's moving papers on which summary judgment was granted was filed on December 23, 1981.[2] Celotex argued that summary judgment was proper because Mrs. Catrett had "failed to produce evidence that any [Celotex] product ... was the proximate cause of the injuries alleged within the jurisdictional limits of [the District] Court."[3] Celotex further contended that "[t]here is no evidence whatsoever that the defendant was ever exposed to any [Celotex] product containing asbestos ... or that any such product was in any way the proximate cause of the decedent's death within the jurisdictional limits of [the District] Court." Statement of Material Facts as to Which There Is No Genuine Issue, *reprinted in* S.R.E. at 3sa–4sa.

In opposing this motion, Mrs. Catrett relied primarily on three documents which, she claimed, "demonstrate that there is a genuine material factual dispute"[4] as to whether Mr. Catrett had ever been exposed to Celotex asbestos products.[5] The documents were a copy of the transcript of her husband's July 17, 1979, deposition taken for use in proceedings in his earlier workman's compensation claim and two letters: one from William O'Keefe, of Aetna Life & Casualty, to Mrs. Catrett's attorney and one from the Assistant Secretary of a Chicago enterprise, Anning & Johnson Co., to Aetna, both stating that Mr. Catrett had used a Celotex product during his employment with Anning & Johnson in Chicago in 1970–71. Mrs. Catrett argued unsuccessfully to the District Court that these three documents "evinced the essential link between [Celotex's] product and [Mr. Catrett], and it would be a question for the jury as to whether this was the proximate cause of the decedent's injuries and ultimate death."[6]

Celotex strenuously argues on appeal that plaintiff's evidence is infirm in that the three documents are hearsay and are inadmissible under any exception to the hearsay rule. Such inadmissible evidence, Celotex argues, may not be considered in opposition to a motion for summary judgment.

---

1. Mrs. Catrett declined to challenge the dismissal of twelve of the other fourteen parties dismissed as defendants and, prior to oral argument in this court, discontinued her appeal from the dismissal of two parties, Armstrong World Industries and Turner & Newall, Ltd., pursuant to settlement agreements.

2. Motion of Defendant Celotex Corp. for Summary Judgment (Motion for Summary Judgment), *reprinted in* Appellee's Supplemental Record Excerpts (S.R.E.) at 1sa. Celotex had filed, on September 28, 1981, an earlier motion for summary judgment, which it withdrew on November 9, 1981. *See* Docket Entries at 3–4, *reprinted in* Record Excerpts (R.E.) at 7a–8a.

3. Motion for Summary Judgment at 1, *reprinted in* S.R.E. at 1sa. While such an argument might be read as a basis for dismissal for lack of personal jurisdiction or for a change of venue, the motion was for summary judgment under Fed.R.Civ.P. 56(b). The District Court's grant of summary judgment must therefore have been

based on its conclusion that there was "no showing that the plaintiff was exposed to defendant Celotex's product in the District of Columbia *or elsewhere* within the statutory period." Transcript of July 21, 1982 Proceedings at 9, *reprinted in* R.E. at 595a (emphasis added). The District Court's ruling was from the bench at the July 21, 1982 proceeding. No written opinion accompanied the ruling.

4. Plaintiff's Memorandum of Points and Authorities in Opposition to Motion of Defendant Celotex Corporation for Summary Judgment (Plaintiff's Memorandum), *reprinted in* R.E. at 361a, 362a.

5. For ease of reference, we use the term "Celotex products" to refer to those products manufactured by Celotex's predecessors in interest and to which Mr. Catrett was allegedly exposed.

6. Plaintiff's Memorandum, *reprinted in* R.E. at 361a, 362a.

■ We need not, however, reach the evidentiary issue,[7] inasmuch as defendant's moving papers were patently defective on their face, rendering inappropriate the grant of summary judgment on the record as it stood before the District Court. Celotex offered *no* affidavits, declarations or evidence of any sort whatever in support of its summary judgment motion. To the contrary, Celotex's motion was based solely on the plaintiff's purported failure to produce credible evidence to support her claim.[8] While Celotex may have faced difficulty, to be sure, in "proving the negative"[9] that plaintiff's decedent had not been exposed to its products, appellee made no effort to adduce *any* evidence, in the form of affidavits or otherwise, to support its motion. As we will now see, that undisputed failure renders its motion fatally defective.

## II

■ Rule 56(e) of the Federal Rules of Civil Procedure, as amended in 1963, could not be clearer that summary judgment under the circumstances before us will not lie. It provides:

When a motion for summary judgment is made *and supported* as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e) (emphasis added). This rule unequivocally places a burden of coming forward with specific facts upon the party *opposing* a motion for summary judgment *only when* the proponent's motion is "made *and supported* as provided in th[e] rule." The Advisory Committee Note to Rule 56 explains that "[w]here the *evidentiary matter in support of the motion* does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Advisory Committee Note on 1963 Amendment to Fed.R.Civ.P. 56(e) (emphasis added). As the Supreme Court has clearly stated in this respect, "[b]oth the commentary on and the background of the 1963 amendment conclusively show that it was not intended to modify the burden of the moving party . . . to show initially the absence of a genuine issue concerning any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). It is firmly established that the party opposing the motion for summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact.[10]

---

7. Under our treatment of the case, we need not rule on the admissibility of the documents in question.

8. Celotex also complained that Mrs. Catrett failed to answer interrogatories and produce documents sought in discovery. Statement of Material Facts as to Which There Is No Genuine Issue, *reprinted in* S.R.E. at 3sa–4sa. However, Celotex did not seek sanctions, under Fed.R.Civ.P. 37, for failure to comply with discovery requests but instead sought summary judgment under Fed.R.Civ.P. 56(b). *See* Motion for Summary Judgment, *reprinted in* S.R.E. at 1sa.

9. We are not faced with, and thus do not address, the situation where a manufacturer, sued by a remote user of its product, seeks to comply with Rule 56 but simply cannot "prove the negative" of non-use or non-exposure without reference to evidence in the hands of the plaintiff. Here, no effort whatever was made by Celotex to comply with the requirements of Rule 56, as we shall see in the text that follows.

10. *See, e.g., Adickes v. S.H. Kress & Co., supra,* 398 U.S. at 160, 90 S.Ct. at 1609; *First National Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968); *Davis v. Chevy Chase Financial Ltd.,* 667 F.2d 160, 172 (D.C.Cir.1981) ("it is beyond cavil that a party opposing summary judgment is required to proffer rebuttal affidavits or other evidence 'only if its omission enables the movant to satisfy his burden of showing that no issue of material fact persists'"); *Weisberg v. United States Department of Justice,* 627 F.2d 365, 368 (D.C. Cir.1980) ("It is equally settled in federal procedural law that '[t]he party seeking summary judgment has the burden of showing there is no genuine issue of material fact, even on issues where the other party would have the burden at trial, and even if the opponent presents no conflicting evidentiary matter.'"); *Founding Church of Scientology v. National Security Agency,* 610 F.2d 824, 836 (D.C.Cir.1979) (same); *National Association of Government Employees v. Campbell,* 593 F.2d 1023, 1027 (D.C.Cir.1978) ("Facts

At trial, of course, Mrs. Catrett would have the burden of proving by admissible evidence that her husband's exposure to Celotex's products had proximately caused his death. If Mrs. Catrett failed to satisfy her burden, then her case would be vulnerable to a motion for directed verdict. However, as this court has repeatedly held, the party moving for summary judgment carries the burden of proving the absence of a material issue of fact "even on issues where the other party would have the burden of proof at trial." [11]

In this case Celotex proffered nothing. It advanced only the naked allegation that the *plaintiff* had not come forward in discovery with evidence to support her allegations of the decedent's exposure to the defendant's product.[12] Under settled rules, that barebones approach will not do. Mrs. Catrett was simply not required, given this state of the record, to offer any evidence in response.[13]

### III

Despite the clear state of the law relevant to the facts of this case, the dissent insists that the grant of summary judgment was proper. That position is based on both a misconception of the factual setting in which summary judgment was granted here and, more generally, on an overly broad reading of a legal proposition.

The dissent insists throughout that the plaintiff lacks any evidence as to causation and that, even accepting the plaintiff's factual allegations, judgment would have to be entered for the movant. Summary judgment was entered, the dissent emphasizes, because the trial judge found no showing of the plaintiff's decedent's exposure to Celotex in the District of Columbia or elsewhere.[14] Yet, the plaintiff had of-

---

not conclusively demonstrated, but essential to the movant's claim, are not established merely by his opponent's silence; rather, the movant must shoulder the burden of showing affirmatively the absence of any meaningful factual issue."); *United States v. General Motors Corp.,* 518 F.2d 420, 441 (D.C.Cir.1975) ("The party seeking summary judgment has the burden of showing there is no genuine issue of material fact ... even if the opponent presents no conflicting evidentiary matter.") (footnotes omitted); *Bloomgarden v. Coyer,* 479 F.2d 201, 206–07 (D.C.Cir.1973) ("The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue as to any material fact, and even if his opponent comes forward with nothing, summary judgment must be denied if the facts supporting the motion do not establish the nonexistence of such an issue."); *see also Yorger v. Pittsburgh Corning Corp.,* 733 F.2d 1215, 1222 (7th Cir.1984) (defendant asbestos manufacturer did not meet its "burden of showing that no genuine issue of material fact exists in regard to plaintiff's alleged exposure ...; therefore plaintiff should not be penalized for failure to attach an affidavit to his response").

**11.** *United States v. General Motors Corp., supra,* 518 F.2d at 441; *see also Weisberg v. United States Department of Justice, supra,* 627 F.2d at 368 (quoting *Founding Church of Scientology v. National Security Agency, supra,* 610 F.2d at 836); *Founding Church of Scientology v. National Security Agency, supra,* 610 F.2d at 836 (quoting *United States v. General Motors Corp., supra,* 518 F.2d at 441).

**12.** That is not to say that Celotex was required to come forward with some specific form of submission. Indeed, Rule 56 is clear that there is no absolute requirement that the moving party furnish affidavits in support of its motion. But here, Celotex did not simply fail to submit affidavits or declarations in support of its motion; it came forward literally with nothing save for pointing to perceived shortfalls in the plaintiff's case.

It is in no wise unfair to Celotex to require it to support its case under Rule 56, even under the circumstances here. As we noted before, if a party has failed to comply with discovery requests, such as interrogatories and requests for production of documents, the Federal Rules provide an elaborately drawn system of sanctions for failures to comply, including the ultimate sanction of dismissal of one's case. Thus, our ruling in no manner leaves a party such as Celotex remediless in the face of unsuccessful efforts to effect discovery of the opposing side's case.

**13.** Since Celotex offered no evidence, we need not and do not speculate as to what showing would have been adequate to meet Celotex's burden.

**14.** *See supra* note 3 and accompanying text. We again note that the discussion at the time the motion was granted actually spoke to venue. It was only the phrase "or elsewhere," appearing with no prior discussion, in the judge's oral ruling at the close of argument that made the grant of summary judgment even conceivably proper.

fered evidence on that very point. True, the evidence was not in admissible form, but at least some of the evidentiary infirmity was plainly curable. The point is that the plaintiff did have evidence, and if her allegations were accepted by the jury as true, the plaintiff, rather than the defendant, would have been entitled to judgment.

We fully recognize the unique vantage point of the District Courts to evaluate evidence and the reasonable discretion that District Judges rightly enjoy in granting summary judgment. We have no desire to cabin unduly that sound discretion, and our opinion should not have that effect. Here, the bedrock fact is that the summary judgment motion was totally unsupported.[15] The issue on which we rule is therefore purely legal in nature, and our conclusion breaks no new ground whatever. The clear dictate of Rule 56 [16] and a long, unbroken line of precedent [17] is that summary judgment is not proper absent a properly supported motion. This case is as simple as that.

The dissent, however, accuses us of failing to follow the law of this circuit, as expressed in *United States v. General Motors, supra,* and hornbook law that summary judgment and directed verdict are functionally equivalent. The charge is groundless. To be sure, *General Motors* states that a party seeking summary judgment "is entitled to the benefit of any relevant presumptions, and if the established facts and relevant presumptions would have entitled him to a directed verdict at trial, he is entitled to a summary judgment under Rule 56." *General Motors, supra,* 518 F.2d at 441–42. However, in *General Motors,* the movant had established certain facts, namely a significant number of failures in performance not attributable to wear or age of the automobile parts in

question, and was given the benefit of the presumption that the failures occurred under specified use or reasonably anticipated abuse. *The equivalency of summary judgment and directed verdict was clearly premised in that case on the existence of this clear and sufficient support for the summary judgment motion.*

This equivalency breaks down only when an unsupported summary judgment motion is made by the party not having the burden of proof at trial. If this case had gone to trial and Mrs. Catrett had offered no admissible evidence in presenting her case, Celotex would plainly have been entitled to a directed verdict even without offering any evidence of its own. In that event, the plaintiff would already have enjoyed the opportunity to present her evidence, and the defendant could appropriately ground a motion simply on her failure to prove her case. Before trial, however, rather than arguing that the plaintiff has not proven her case, the movant for summary judgment argues that the plaintiff cannot prove her case. While Mrs. Catrett *has* not offered admissible evidence, the movant, and the court, are entitled to conclude that she *cannot* offer admissible evidence if but only if the movant has supported its motion in accordance with Rule 56. Again, the pivotal difference between this case and *General Motors* is that in the latter case the motion for summary judgment was supported. To argue that the equivalence between summary judgment and directed verdict in such a situation applies to this case as well is to ignore the statement in *General Motors* that "[t]he party seeking summary judgment has the burden of showing there is no genuine issue of material fact ... even if the opponent presents no conflicting evidentiary matter." [18]

---

**15.** The dissent correctly notes that Rule 56 has no ironclad rule that a motion for summary judgment be supported in any particular manner. The motion does, however, require *some* support, and here support was totally lacking.

**16.** *See supra* at 184.

**17.** *See supra* note 10.

**18.** *General Motors, supra,* 518 F.2d at 441 (footnotes omitted). The dissent's cite to Wright, Miller & Kane provides no better support for its position. The treatise does note the similarity in the theories underlying summary judgment and directed verdict but also notes the movant's burden to *demonstrate* that his opponent could not support a judgment in his favor at trial. *See*

■ The dissent also argues that, since the court may under some circumstances grant summary judgment *sua sponte,* no requirement exists that the lack of a factual dispute be affirmatively demonstrated by the moving party. Support for this proposition is found in 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2720 at 28. However, this salutary principle applies to the propriety of a grant of summary judgment when there was no motion for summary judgment before the court, not when there was no support for a summary judgment motion.[19]

Lastly, we respectfully take exception to the dissent's suggestion that we are creating a requirement that a plaintiff, having failed to support his or her case, should be allowed more time to produce admissible evidence. We are doing nothing of the sort. Had Celotex properly supported its summary judgment motion, we would agree that the inadmissibility of Mrs. Catrett's evidence would be fatal to her opposition to the motion. However, we refuse to hold the plaintiff—and the case law is abundantly clear that she should not be so held, *see supra* note 10—to a higher standard than the movant. Until Celotex properly supported its motion, Mrs. Catrett was not required to offer any evidence at all. We do not hold that she should have more time but simply that her time had not yet come.

## IV

The District Court's grant of summary judgment in favor of Celotex Corporation is therefore reversed and the case remanded to the District Court for further proceedings.

*It is so ordered.*

BORK, Circuit Judge, dissenting.

The majority's decision in this case undermines the traditional authority of trial judges to grant summary judgment in meritless cases. Even though the plaintiff has *no* admissible evidence on an essential element of her case, the majority today allows her to survive a motion for summary judgment. This decision will probably lead to an unnecessary trial followed by a directed verdict for defendant Celotex. More generally, the precedent established today will waste trial court time and energy and unnecessarily add to the costs and procedural burdens faced by litigants.

The issue here is whether a trial judge may use summary judgment procedures to require a plaintiff, who has had ample time for discovery, to show that she has some admissible evidence to support an essential element of her case. The alternatives are that the defendant, which is the moving party, must prove a negative—that the plaintiff can never find evidence—or that the case go forward so that the plaintiff has still more time to cure her lack of evidence. The latter alternative apparently means that the plaintiff need never proffer evidence until she faces a motion for a directed verdict at trial. It seems to me better that summary judgment be awarded where, as here, the plaintiff has had two years for discovery and knew that she was expected to show her evidence in response

10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2727 at 130 (1983).

Professor Moore's treatise also supports the position that the summary judgment directed verdict equivalency breaks down in the case at hand. While agreeing that the two procedures are akin, Moore's observes that their operations differ when the movant would not bear the burden at trial. 6 Moore's Federal Practice ¶ 56.15[3] at 479–80 (1983). Furthermore, Moore's notes that the movant's papers "may in themselves be insufficient to discharge his burden; and in that event the opposing party need proffer no materials in oposition." *Id.* at 488

(footnote omitted). Such would not, of course, be the case with a directed verdict.

**19.** Furthermore, the party against whom the judgment is to be entered must have sufficient advance notice. 10A Wright, Miller & Kane, *supra,* § 2720 at 34. The last minute objection to the evidence proffered by plaintiff, *see* Transcript of July 21, 1982, Proceedings 3–4, *reprinted in* R.E. 587a, 589a–90a, and the apparent reliance by the District Judge on what were actually venue concerns, *see supra* note 3, speak powerfully against that notice here.

to defendant's claim that she had none. The majority thinks otherwise.

In my view, the majority opinion rests on a flawed premise: that a district judge can never grant summary judgment, even in an obviously meritless case, unless a party first makes a motion pursuant to Rule 56 and supports that motion with admissible evidence. The result in this case is that the plaintiff is granted an unsought extension of time to cure the defects in her proof. The premise being wrong, the result is gratuitous.

## I.

The majority errs in supposing that a party seeking summary judgment must always make an affirmative evidentiary showing, even in cases where there is not a triable, factual dispute. The cases the majority cites hold only that a moving party has the burden of showing the absence of a material, factual dispute, even on issues where his opponent would have the burden of proof at trial. Maj. op. at 5 nn. 10, 11. These cases do not consider the central question here: whether that showing must invariably be made with evidence.

It is important to keep in mind the distinction between a plaintiff's burden of proof on the merits and a defendant's burden of proof on summary judgment. The standards of proof by which each burden is satisfied are not necessarily the same. A plaintiff must prove his case by an affirmative, preponderance of the evidence. However, a defendant seeking summary judgment need only convince the trial judge that a reasonable jury could not find for the plaintiff, even if all disputed issues of fact and inferences were resolved in the plaintiff's favor. There is no requirement that the trial judge must always become

convinced of this by a positive evidentiary showing. Several principles of summary judgment law demonstrate that while a positive evidentiary showing will usually be necessary, it is not always required.

First, it is hornbook law and the law of this circuit that a trial judge should grant summary judgment if the plaintiff has so little evidence on an essential element of his claim that it is clear that a directed verdict would have to be granted at trial. 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2713.1, at 616 (1983); *United States v. General Motors Corp.*, 518 F.2d 420, 441–42 (D.C.Cir.1975); *Dyer v. MacDougall*, 201 F.2d 265 (2d Cir. 1952) (L. Hand, J.). As Judge Leventhal has said, a party seeking summary judgment "is entitled to the benefit of any relevant presumptions, and if the established facts and relevant presumptions would have entitled him to a directed verdict at trial, he is entitled to a summary judgment under Rule 56." *General Motors*, 518 F.2d at 441–42. There is no point in sending a case to trial only to have the judge direct a verdict. In this case, a directed verdict would clearly be required since the plaintiff lacks any admissible evidence of causation, an essential element of her case.

In this respect, a motion for summary judgment is like a motion for a directed verdict. In neither is an evidentiary showing invariably required.[1] In both the moving party's burden is satisfied if he persuades the trial judge that his opponent must lose as a matter of law even when all disputed facts and inferences are resolved in his opponent's favor.[2]

The analogy between summary judgment and directed verdicts has been emphasized by Wright & Miller.

---

1. A directed verdict may be granted at the close of plaintiff's case even before defendant has introduced any evidence at all. This is appropriate when the plaintiff's case and the evidence supporting it are legally insufficient to support a favorable verdict. We have exactly this situation in this case at the summary judgment stage.

2. This is not to suggest that the standards for granting summary judgments and directed verdicts are absolutely identical. Where competing

inferences from the alleged facts are fairly possible, judges should be more charitable to non-moving parties on summary judgment especially until demeanor evidence can come out. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970) (Harlan, J.). However, where competing inferences are not possible and especially where there is a complete absence of proof, the standards governing summary judgment and directed verdicts largely coincide.

[I]t [is] clear that the movant may discharge his burden by demonstrating that if the case went to trial there would be no competent evidence to support a judgment for his opponent. If no evidence could be mustered to sustain the non-moving party's position, a trial would be useless and the movant therefore is entitled to judgment as a matter of law. In this sense the theory underlying summary judgment is similar to that of the directed verdict motion.

10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727, at 130 (1983). Pursuant to these principles and to our decision in *General Motors*, 518 F.2d at 441–42, defendant Celotex is clearly entitled to summary judgment. Plaintiff's total lack of affirmative, admissible evidence of causation would result in a directed verdict at trial and should therefore warrant a grant of summary judgment now. The majority's refusal to uphold that grant represents a clear failure to follow *General Motors*[3] and overlooks this functional identity between summary judgment and directed verdicts.[4]

A second principle of law also shows that the majority has erred. Under some circumstances, trial judges may grant summary judgment *sua sponte* so long as the losing party was on notice that he had to come forward with all his evidence. 10A C. Wright, A. Miller & M. Kane, *supra*, § 2720, at 28. This rule clearly means that summary judgment does not require affirmative evidentiary proof of the absence of a factual dispute. Rather the trial judge need only notice this absence and demand that it be corrected. If it is not corrected after notice,[5] it becomes the trial judge's duty to grant summary judgment to conserve scarce judicial resources and avoid a useless trial. If the district court, on its own motion, may grant summary judgment whenever it concludes that required evidence cannot be produced, it necessarily follows that a defendant may obtain summary judgment when it brings that situation to the court's attention.[6]

A third relevant legal principle is the substantial pretrial discretion trial judges enjoy to manage their caseloads. It is hard to see how that discretion is abused if a judge, at the defendant's request, asks a plaintiff to show that he has minimal evidence to support his case before he can go forward to trial. Indeed, district judges have broad pretrial authority to force the parties to narrow issues in order to reduce trial time by isolating the particular factual disputes that are to be tried. Fed.R.Civ.P.

---

**3.** It is true that in *General Motors* the party seeking summary judgment was only able to benefit from the relevant presumptions after it had established certain facts. In this case, however, it is not necessary for the defendant to establish any facts to benefit from the presumption that the plaintiff must prove causation. The need to establish facts in support of a summary judgment motion will depend on the nature of the presumptions at issue.

**4.** The majority suggests that a passage in Moore's supports its position that the summary judgment directed verdict equivalency breaks down in the case at hand. 6 J. Moore, *Moore's Federal Practice* ¶ 56.15[3] (2d ed. 1972) (footnote omitted). I think this passage irrelevant to the present case because it clearly contemplates a *situation* where the *plaintiff has at least a* shred of evidence with which to go to trial. In that circumstance a moving defendant would have to produce contrary evidence to prove the absence of a triable, factual dispute. Here, however, the plaintiff has made no factual showing whatsoever. Accordingly, but for the unsought and indefinite extension of time the majority improperly grants the plaintiff, there would be no question but that the plaintiff could not possibly prevail.

**5.** *See infra* Part II for a discussion of the adequacy of the notice given in this case.

**6.** The majority agrees that a trial judge is empowered to grant summary judgment *sua sponte* when he concludes that a plaintiff has not produced any admissible evidence on an essential element of her claim. In this case, however, the majority finds the trial judge stripped of his power to act solely because the defendant Celotex filed an unsupported motion. I do not understand why this action by a party to the law suit diminishes the authority the trial judge would otherwise possess. I also do not understand why the majority continues to focus on Celotex's motion papers and does not focus instead on the absence here of a triable, factual dispute.

16. This authority would be mocked if plaintiffs could not be obligated before trial to reveal that they had at least some evidence supporting the essential elements of their lawsuit.[7]

Finally, Rule 56 itself imposes no obligation on parties seeking summary judgment always to introduce positive evidence proving the absence of a factual dispute. Although the framers of the rule probably thought such evidence would be necessary in most cases, *see* Advisory Committee Note to Rule 56, they imposed no ironclad requirement. Indeed, Rule 56 specifically allows for summary judgment on motion without a supporting affidavit. Fed.R. Civ.P. 56(b). This is appropriate in cases like the present one where even accepting the non-moving parties' factual allegations one must still enter judgment for the movant. *See, e.g., Chambers v. United States,* 357 F.2d 224, 227 (8th Cir.1966); *Hubicki v. ACF Industries Inc.,* 484 F.2d 519, 522 (3d Cir.1973); *Ramsey v. United States,* 329 F.2d 432 (9th Cir.1964); *Reynolds v. Needle,* 132 F.2d 161, 162 (D.C.Cir.1942); *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627 (4th Cir.), *aff'd,* 388 F.2d 987 (1966). Here as in *Chambers* "no factual dispute exists and the complaint [absent evidence of causation] does not state a cause of action." 357 F.2d at 227.

Since this case lacks a *triable,* factual dispute, even if Celotex were to stipulate to the truthfulness of all of Mrs. Catrett's admissible evidence, Celotex would still prevail as a matter of law. The majority believes there is a triable, factual dispute in this case solely because Mrs. Catrett alleged causation in her complaint. Bare allegations in a complaint are not admissible at trial, however, and would not support a jury verdict for Mrs. Catrett.[8]

Rather than properly focussing its inquiry on whether a triable, factual dispute exists in this case, the majority has become entangled in the interplay between the defendant's burden of proof on the summary judgment motion and the plaintiff's burden of persuasion in this lawsuit, which she retains at all times. The majority has required the defendant to prove in effect the negative of the plaintiff's case, even though the plaintiff has no evidence on an essential element of her claim. This temporarily switches the plaintiff's burden of persuasion in the lawsuit to the defendant which now must prove that it could not conceivably have caused the plaintiff's injury. The majority should have required the defendant only to persuade the trial judge that there is no triable, factual dispute on causation.[9]

I agree with the majority that in most cases defendants will only be able to establish the absence of a factual dispute by producing positive evidence that undermines the plaintiff's factual showing. So long as the plaintiff has even one iota of weak inferential evidence, defendants will have the burden of affirmatively attacking that evidence to prove that there is no factual dispute suitable for trial. *Adickes v. S.H. Kress & Co.,* 398 U.S. at 160, 90

---

7. It should be noted that Fed.R.Civ.P. 37 does make available various sanctions where a party improperly resists discovery. However, the availability of those sanctions does not also preclude a party from seeking summary judgment where the plaintiff has failed to fulfill his obligation to make out a prima facie case. The problem here is not resistance to discovery but inability to provide evidence.

8. It is, of course, conceivable that on remand Mrs. Catrett will eventually find admissible evidence of causation and possibly even prevail at trial. This would not in any way change my conclusion that we should affirm the grant of summary judgment before us now. It is settled law that courts should not allow a party to get to trial merely in the hope that he will obtain evidence at that time. 10A C. Wright, *supra,* § 2727, at 163.

9. The majority cites Fed.R.Civ.P. 56(e) as support for its view. This provision does indicate that when a motion for summary judgment is made and supported by affidavits it must be answered with rebutting affidavits. Clearly, Mrs. Catrett need not produce rebutting affidavits since Celotex has not produced any affidavits in support of its motion. Nonetheless, Mrs. Catrett is still obligated to produce some admissible evidence supporting the essential elements of her case. I do not see why she should be able to get to trial just because she was not obligated to produce rebutting evidence under Rule 56(e).

S.Ct. at 1609. Here, however, the plaintiff has made no factual showing whatsoever. Accordingly, there can be no doubt as to the absence of a triable, factual dispute in this case.

## II.

The majority also objects to the grant of summary judgment in this case on the ground that plaintiff Catrett should be given an additional opportunity to produce admissible evidence on causation. I disagree. This case is just like one in which, after discovery, the judge holds a pre-trial conference, asks the plaintiff how he intends to prove each element of his case, and learns that the plaintiff has no admissible evidence of an indispensable element of that case. That case would be ripe for disposition by summary judgment. Here, Mrs. Catrett has had almost two years to prepare her case for trial. The motion for summary judgment put her on notice that Celotex claimed she had no evidence of causation. Mrs. Catrett was represented by counsel who were certainly aware that the district judge could consider only admissible evidence in determining the existence of a triable, factual dispute.[10] 6 J. Moore, *Moore's Federal Practice* ¶ 56-11[1–8] (2d ed. 1972), *Government of Republic of China v. Compass Communications Corp.*, 473 F.Supp. 1306 (D.D.C.1979). Any trained attorney should have known that what was offered was inadmissible. Counsel not only failed to produce any admissible evidence of causation but failed at the summary judgment hearing to seek additional time to produce such evidence. Under these circumstances, the district judge clearly acted within his discretion in granting summary judgment without giving Mrs. Catrett an additional, *unrequested* opportunity to produce admissible evidence essential to her case. As appellate judges, we should leave the district court substan-

tial discretion to manage the litigation before it. That discretion includes the discretion to determine when a summary judgment is ripe.

It would have been better if the majority reached the result it does by holding that plaintiff should have been given a new deadline to produce admissible evidence of causation. That would, for the reasons just given, be wrong, but at least it would not damage the utility of Rule 56. I understand the judicial impulse to save a plaintiff's case from what may have been careless preparation, but the deformation of summary judgment procedures is too high a price to pay for the gratification of that impulse.

---

10. In a departure from the established rules, the majority suggests that the district judge could consider inadmissible evidence of causation because the admissibility problems with the evidence might eventually be cured. This holding destroys any incentive that parties now face to put evidence into admissible form prior to trial, and diminishes the utility of pre-trial efforts to narrow and isolate the factual issues that are to be tried. The majority's holding will inevitably lead to pointless trials where anticipated factual disputes fail to materialize because *admissible* evidence cannot be found. The majority's innovation on this point will substantially undermine the utility of summary judgment procedures while yielding no concomitant benefits.