**Elnora M. BOWLING, Personal Representative of the Estate of Squire Bowling, Jr., Deceased, and Individually and as Mother and Next Friend of Tanya A. Bowling, a minor, and Georgie A. Bowling, a minor, Plaintiffs,**

**v.**

**George B. BUTLER, et al., Defendants.**

**Civ. A. No. 84–1990.**

United States District Court, District of Columbia.

July 29, 1985.

Donald E. Fitzgerald, Bethesda, Md., for plaintiffs.

Edward J. Gorman, Jr., Bethesda, Md., for Burgess Enterprises.

John D. Holler, Mount Rainier, Md., for Butler.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

In this diversity action for wrongful death by electrocution on June 29, 1983, of a plumber allegedly working in proximity to a defectively-wired garbage disposal unit in a residential kitchen sink, one of the co-defendants, Burgess Enterprises, Inc., an electrical contractor who may have worked on the premises more than a decade earlier, has moved for summary judgment of dismissal on limitations grounds.[1]

The parties have briefed the *legal* issues they perceive the case to present: whether the contractor's work, if done at all, can be considered (or must be for the purpose) an "improvement;" whether the "discovery rule," i.e., the rule which suspends the running of the statute until such time as a plaintiff knows he has an action, applies to such absolute statutes of repose as that involved here; and whether the statute, if it operates to bar this action, is constitutional.

■ Summary judgment, however, presupposes the existence of a matrix of at least some undisputed facts, which must appear of record with evidentiary dignity, from which it can then be argued that the law requires judgment for the moving party. *See Catrett v. Johns-Manville Sales Corp.*, 756 F.2d 181, 184 (D.C.Cir.1985). The Court's review of the record now before it convinces it that it is impossible, at the moment, to find *any* truly material facts to exist without dispute, and that any ruling with respect to the applicability of the statute of limitations at this stage would, therefore, demand so much in the way of factual assumption—indeed, speculation—as to make the ruling purely advisory in nature. It will thus deny the motion.

■ To begin with, the record fails to make it clear, either by way of allegation-and-admission or evidence, that the parties are even agreed that the place of plaintiff's decedent's injury and the premises at which defendant contractor may have done some work in the past are the same. The complaint says plaintiff's decedent was working at 1505 S Street, S.E. when he was electrocuted; plaintiff's answers to interrogatories say it was 1605 S Street, S.E.; and the complaint asserts, as do certain

1. D.C.Code § 12–310 bars *inter alia,* actions for wrongful death "resulting from the defective or unsafe condition of an improvement to real property" occurring more than 10 years after the improvement is "substantially completed."

documents upon which plaintiff relies—as yet unauthenticated permit applications, permits, and invoices all dated in 1972— that the defendant's allegedly negligent electrical work was performed at 1506 S Street, S.E.[2]

Next, it is conspicuously unconceded by the defendant contractor that it ever did any electrical work at any of those locations, whatever the correct address at which plaintiff's decedent met his death. Defendant's president's affidavit asserts that its own records for 1972 were destroyed as obsolete a year before this suit was filed; that defendant knows no more about work it may have done with which plaintiff's decedent may have come in contact than plaintiff's own unauthenticated documents might suggest; and that none of those documents mentions garbage disposals, at 1506 S Street, S.E., or elsewhere (which, by the way, the affidavit does aver, purportedly from personal knowledge, defendant has never furnished or installed in the course of its business at all since at least 1969).

Finally, plaintiff's documents bear the name "Alton P. Burgess Electrical Contractor, Inc.," whereas the current defendant trades as "Burgess Enterprises, Inc.," and does so at a different address. While some identity between the former and the latter can be inferred from the president's affidavit, the nature of that relationship is, once again, conspicuously not shown.

It may well be that if the state of the proof is no more illuminating at the close of plaintiff's case than it is at present, defendant contractor will be entitled to the dismissal it seeks now, but the dismissal will clearly not come on statute of limitations grounds. The statute of limitations issues will not be reached, if ever, until at least one of three events occur on the record: (1) plaintiff alleges, and defendant admits for purposes of a motion, or (2) one or more of the parties offers evidence without contradiction, or (3) the parties stipulate, that the same contractor who is presently before the Court as a defendant (or a predecessor for whom it would be liable) actually performed services in relation to the wiring of the garbage disposal on the premises at which plaintiff's decedent was electrocuted, and that it did so sometime prior to June 29, 1973, and not thereafter.[3]

For the foregoing reasons, therefore, it is, this 29th day of July, 1985,

ORDERED, that the motion of defendant Burgess Enterprises, Inc. for summary judgment of dismissal is denied without prejudice.

---

2. Plaintiff has obtained, from a source other than defendant contractor but not shown by the record, a number of documents which she says, if authentic, purport to show that defendant (or a predecessor) performed services on the premises 1506 S Street, S.E., on various occasions in 1972, the latest being December 13, 1972. She is unwilling to concede, however, that it performed no services after that date, and, specifically, after June 29, 1973, i.e., 10 years prior to her decedent's death. She simply has no evidence of any post-December, 1972, work at the moment.

3. The Court notes that the views of Circuit Judge Bork, dissenting, in *Catrett v. Johns-Manville, supra,* which would permit the trial judge to test the non-moving party's proof in opposition to a motion for summary judgment in the circumstances presented here to avoid an unnecessary trial are *not* presently the law of this Circuit.