Francis PONGRAC

v.

**CONSOLIDATED RAIL CORP., et al.**

**Civ. A. No. 84–1404.**

United States District Court,
E.D. Pennsylvania.

Oct. 7, 1985.

Paul Sacks, Philadelphia, Pa., for plaintiff.

Louis Bolognini, Philadelphia, Pa., for John Crane-Houdaille, Inc.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Presently before the court in this asbestos case is the motion of defendant John Crane-Houdaille, Inc. for summary judgment. For reasons that follow, this motion will be granted.

Plaintiff alleges that while working at a railroad facility in Jersey City, New Jersey, he was exposed to asbestos products and that this exposure has caused him to suffer pulmonary damage. Named as defendants in the action are the Central Railroad of New Jersey, the operator of the facility during the course of plaintiff's employment, Consolidated Rail Corp., the current owner of the facility, and numerous manufacturers of asbestos products, including moving defendant John Crane-Houdaille, Inc. (John Crane).

John Crane's summary judgment motion is predicated on the theory that plaintiff cannot establish a causal link between exposure to a John Crane product and his alleged disease and is supported by the answers of plaintiff to interrogatories propounded on June 11, 1984 by John Crane. In response to questions asking plaintiff first to state whether he contended that a John Crane product caused him harm and second to identify those products he contended caused him harm, plaintiff asserted only that he was exposed to numerous asbestos products throughout his work career and that his investigation was continuing for the specific products to which he was exposed. *See* Plaintiff's answers to first set of interrogatories of defendant John Crane-Houdaille, Inc. ¶¶ 1, 2 (included as exhibit "B" to defendant's motion for summary judgment).

After substantial briefing on the motion, counsel presented oral argument. Plaintiff's counsel asserted that Philip Angello, whom counsel represents in another action, testified during a deposition taken in the other action that he had worked in the Jersey City rail facility and had used asbestos products manufactured by John Crane. *See* Transcript of oral argument at 23. Counsel further stated that Mr. Angello and Mr. Pongrac worked in the same shop and knew one another. *Id.*

Over strenuous objection by defense counsel, I decided to hold the matter in abeyance to allow plaintiff additional time to complete discovery pertinent to the motion and to submit additional exhibits or memorandums in support of his position. *Pongrac v. Consolidated Rail Corp.,* No. 84–1404 (E.D.Pa. June 24, 1985). At the close of this additional period, defendant submitted a copy of the Angello deposition. Plaintiff offered no new exhibits, but made reference to the Angello deposition.

During his deposition, Mr. Angello testified that from 1926 until 1973 he worked for the Central Railroad of New Jersey at its Jersey City, New Jersey facility. Angello deposition at 24–25. While an employee of the railroad, he worked first in the carmen's yard as a laborer cleaning the cars, *id.* at 9, and then moved to the Communipaw Engine Terminal, where he performed a series of jobs. *Id.* at 9–14. The terminal, located in the Jersey City facility approximately one-half mile from the carmen's yard, *id.* at 10, was described by Mr. Angello as being the biggest in the east,

occupying a space equivalent to a number of city blocks, and consisting of a machine shop and two turntables with stalls for 66 locomotives. *Id.* at 12, 142–45. In this facility, Mr. Angello worked as an engine wiper, *id.* at 11, a painter-helper, *id.*, and finally as a pipefitter-helper. *Id.* at 14.

Mr. Angello testified that he was exposed to asbestos in the workplace and could identify two John Crane asbestos products with which he worked. *Id.* at 71–72 & 129–30. However, Mr. Angello testified that he was not exposed to asbestos when he worked as a car man in the yard, *id.* at 36, 84, and 137, and did not make reference to Mr. Pongrac in his deposition.

It is well settled that the party moving for summary judgment has the burden of proving that there exists no genuine issue of fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 848 (3d Cir.1974); *United States ex rel Jones v. Rundle*, 453 F.2d 147, 150 (3d Cir.1971). Unless the moving party can make a prima facie demonstration that no material fact question exists, the burden of production does not shift to the non-moving party. *See First Nat'l Bank v. Cities Servs. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727, at 143–44 (2d ed. 1983). The movant may satisfy its burden by demonstrating that if the case went to trial there would be no competent evidence to support a judgment for his opponent. *See* 10A C. Wright, A. Miller & M. Kane, *supra*, § 2727, at 130. *See also In re Japanese Electronic Prods. Antitrust Litigation*, 723 F.2d 238, 258 (3d Cir.1983), *cert.*

*granted*, —— U.S. ——, 105 S.Ct. 1863, 85 L.Ed.2d 157 (1985).

Defendant has satisfied its burden in this case. It has offered the plaintiff's answers to interrogatories, which show that plaintiff has been unable to link John Crane products to his injury.[1] Consequently, the burden is shifted to plaintiff to produce some evidence that he was exposed to John Crane products.

In this regard, the instant case differs from *Catrett v. Johns-Manville Sales Corp.*, 756 F.2d 181 (D.C.Cir.1985), where the D.C. Circuit held that the burden on summary judgment does not shift to the non-moving party where the moving party simply alleges in its motion that the non-moving party could not produce any evidence in support of her allegations. *Id.* at 186–87. Because John Crane has offered plaintiff's answers to interrogatories, it cannot be said to be relying on unsupported assertions in its motion, and the *Catrett* rationale is thus not controlling. Indeed, the *Catrett* majority expressly distinguished the instant situation in a footnote, stating that it was not addressing "the situation where a manufacturer, sued by a remote user of its product, seeks to comply with Rule 56 but simply cannot 'prove the negative' of non-use or non-exposure without reference to evidence in the hands of the plaintiff."[2] *See id.* at 184 n. 9. Moreover, the Third Circuit appears to have expressly endorsed the practice of a moving party's relying on an opponent's evidence. *See In re Japanese Electronic Prods. Antitrust Litigation*, 723 F.2d 238, 258 (3d Cir.1983) ("Rule 56(c) does not exclude the grant of summary judgment on the basis of materials originating entirely with the opponents of the motion"), *cert. granted*, —— U.S. ——, 105 S.Ct. 1863, 85 L.Ed.2d 157 (1985).

---

1. Defendant has also met its threshold burden with respect to the cross-claim asserted by co-defendants.

2. The *Catrett* panel was not unanimous in reaching its result. Judge Bork issued a strong dissent, contending that the majority's opinion undermined the trial court's power to grant summary judgment in meritless cases. *Id.* at

187 (Bork, J., dissenting). In Judge Bork's opinion, the difficulty of proving a negative coupled with the probability that the decision would lead to a trial followed by a directed verdict for defendant counseled in favor of affirming the district court's award of summary judgment. *Id.*

Having concluded that defendant adequately shouldered its initial burden, the question becomes whether plaintiff has presented or can point to evidence in the record that would demonstrate a dispute as to a material fact. Even granting plaintiff all reasonable inferences as I must, plaintiff has not met his burden of producing evidence that he was exposed to John Crane asbestos products.

In *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480 (11th Cir.1985), the court of appeals, applying Georgia law in a products-liability asbestos case, affirmed an award of summary judgment to a defendant where plaintiff had not produced evidence that he worked in the vicinity of defendant's asbestos-containing products which were being applied at plaintiff's workplace. *Id.* at 1481–82. The court observed that although the plaintiff had shown that he was present in the workplace at the time the product was used, he had not shown that he was in the vicinity of the product's use. *Id.* at 1481.

Similarly, in *Anastasi v. Pacor, Inc.*, May Term, 1978 No. 6751 (Pa.C.P.Phila. March 8, 1983), the court of common pleas overturned a jury verdict against a manufacturer of asbestos products, stating that although there was evidence that the manufacturer supplied products to plaintiff's decedent's workplace, the Philadelphia Naval Shipyard, there was no showing of where in the shipyard the decedent worked or the asbestos was used. *Id.*, slip op. at 5–6.

From these cases it is clear that defendant's motion must be granted. While the Angello deposition shows that John Crane asbestos products may have been present in the Jersey City facility, plaintiff has offered no evidence that he worked in the vicinity of those products. Mr. Angello's deposition shows that there may have been John Crane asbestos products in the engine terminal, but provides no support for the proposition that there were any asbestos products in the rail facility outside the terminal. In fact, Mr. Angello expressly stated that he was not exposed to asbestos when he worked in the carmen's yard. *See* Angello deposition at 36, 84 & 137.

Other than the unsubstantiated statements by plaintiff's counsel at oral argument that Mr. Angello knew Mr. Pongrac and worked with him, there is no record evidence of where plaintiff worked in the rail facility. Consequently, I cannot say that there is even a reasonable inference from the record evidence that plaintiff was exposed to John Crane asbestos products and summary judgment must be granted in favor of John Crane.[3]

---

**3.** For the same reasons, John Crane will have summary judgment granted in its favor on all

cross-claims by co-defendants.