RIBERGLASS, INC., a corporation, Plaintiff-Appellee,

v.

TECHNI–GLASS INDUSTRIES, INC., an Alabama Corporation; Lonnie Flippo, Defendants,

Howard E. Morris, Defendant-Appellant.

No. 86–7057

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 2, 1987.

John R. Benn, Florence, Ala., for defendant-appellant.

Ben F. Beckham, III, Springfield and Beckham, Birmingham, Ala., for plaintiff-appellee.

## ON PETITION FOR REHEARING

Before GODBOLD, HILL and ANDERSON, Circuit Judges.

HILL, Circuit Judge:

The petition for rehearing in this case is GRANTED. The previous opinion is hereby vacated, and the following is substituted in its place:

Riberglass, Inc. (Riberglass) instituted this suit seeking recovery of indebtedness owed on an open account existing between it and Techni-Glass Industries, Inc. (Techni-Glass). Lonnie Flippo and appellant Howard E. Morris were included as codefendants with Techni-Glass as alleged guarantors of Techni-Glass' indebtedness. Following an extensive pretrial conference and in light of the failure by Techni-Glass and Flippo to respond to requests for admissions submitted by Riberglass, the district court determined that Techni-Glass and Flippo were deemed to have admitted all material facts and that no material issue of fact existed with respect to Riberglass' claim against Techni-Glass and Flippo. It therefore granted summary judgment against those two defendants. That order is not before us.

Riberglass then filed a motion for summary judgment against appellant Morris, which the district court granted. We disagree with the district court's rationale for granting summary judgment against Morris, and reverse.

In considering plaintiff's motion for summary judgment against Morris, the district court had before it the complaint, Morris' answer, plaintiff's request for admissions, and Morris' response to the request for admissions. Riberglass apparently based its claim for summary judgment against Morris solely upon the fact that summary judgment had previously been granted in its favor against Morris' two codefendants, whose failure to respond to requests for admissions resulted in their being deemed to have admitted controlling facts. To a great extent, the district court accepted this argument and also based its summary judgment order on the fact that it had already granted summary judgment against Morris' codefendants.[1]

The district court had granted summary judgment against Morris' codefendants based upon their deemed admissions resulting from their failure to respond to various requests for admissions. Morris himself, however, responded to plaintiff's requests for admissions directed to him. Clearly, the deemed admissions of his codefendants cannot bind Morris where he actually responded to plaintiff's requests in a timely and legally sufficient manner. *See United States v. Wheeler*, 161 F.Supp. 193, 197 (W.D.Ark.1958) (facts deemed admitted as to one defendant because of his failure to respond to plaintiff's request for admissions not binding on co-defendant); *see also Community State Bank v. Midwest Steel Erection, Inc.*, 24 Fed.R.Serv.2d 428, 429

1. The district court concluded that:

Defendant Howard E. Morris was destined to "rise or fall" with his co-guarantor Lonnie Flippo in this case. In the opinion of the Court in the Court's grant of summary judgment herein in favor of plaintiff against defendants Techni-Glass Industries, Inc. and Lonnie Flippo for the total monetary amount claimed by plaintiff of the three defendants in this lawsuit, plus costs and a reasonable attorneys' fee, constituted issue preclusion in plaintiff's case against remaining defendant Howard E. Morris, which alone warranted the entry of summary judgment in favor of plaintiff against the defendant Morris.
RI–25–2 n. 2.

The district court also stated that it based its summary judgment ruling in part on reasons it had stated at the pretrial conference in this case. The district judge stated that a court reporter was present at the pretrial conference, and thus these remarks were of record. Further inquiry reveals, however, that in fact no record was made of these proceedings.

(D.S.D.1977) (same; citing *Wheeler; cf. In re Leonetti*, 28 B.R. 1003, 1009 (E.D.Pa. 1983) (affirmative admission of one party not binding on co-defendant). The district court erred in saddling Morris with the deemed admissions of his codefendants.

Of course, nothing we decide here would prevent Riberglass from filing a motion for summary judgment against appellant Morris based upon something other than the deemed admissions of his codefendants and the resulting judgments against them. Whether or not there are undisputed facts entitling one or other of the parties to summary judgment must await further development of the record in the district court. In this appeal, we hold merely that Morris is not bound by the deemed admissions of other parties, and therefore summary judgment against him based upon his being so bound was in error. For these reasons, the decision of the district court is

REVERSED.