F. Lloyd **RICHARDS** and Gloria **Richards,** h/w

v.

**RAYMARK INDUSTRIES, INC.,** et al.

Civ. A. No. 85–4038.

United States District Court,
E.D. Pennsylvania.

April 27, 1987.

Norman Perlberger, Maryann Q. Modesti, Philadelphia, Pa., for plaintiff.

Louis T. Bolognini, Kenneth C. Frazier, David L. Hall, Philadelphia, Pa., for defendant John Crane-Hondaille, Inc.

John Patrick Kelley, Michael L. Turner, Philadelphia, Pa., for defendant Asbestos Claims Facility.

MEMORANDUM

NEWCOMER, District Judge.

I have before me in this asbestos case a motion by defendant John Crane-Houdaille ("Crane") for summary judgment against plaintiffs and all cross-claimants. Crane bases its motion on the failure of any party

to show that F. Lloyd Richard ("Plaintiff") was exposed to Crane's asbestos-containing products.[1] Plaintiffs have not opposed the motion; however, the Asbestos Claims Facility ("ACF") defendants do oppose the motion. For the reasons set forth below, Crane's motion will be granted.

The relevant facts are quite simple. Plaintiff has filed this damage action against numerous manufacturers and suppliers of asbestos-containing products for harm he allegedly suffered from exposure to asbestos on the job. Plaintiff was allegedly exposed to asbestos from 1936–1980 during his employment with Mobil Oil Corp. in Paulsboro, New Jersey. The deposition of another Mobil Oil Corp. employee and asbestos plaintiff, Mr. Milton F. Carre, taken October 14, 1985, describes the entire Mobil Oil Paulsboro facility as 25 to 30 acres. Carre Dep. 14.

Crane propounded interrogatories to all other parties in August 1985, requesting all evidence showing that plaintiff worked with or near any Crane product. Although not all parties responded to the product identification interrogatories, those who did failed to advert to any evidence that plaintiff worked with or near to any Crane asbestos product.

The only evidence offered to show plaintiff's exposure to Crane's product is provided by ACF in opposition to the instant motion. That evidence consists exclusively of deposition testimony of Steven V. Walter, plaintiff in another asbestos action pending in this Court, given on October 1, 1986. Mr. Walter also worked at the Mobil Oil Corp. facility in Paulsboro, New Jersey, Walter's Dep. 18, 20. Mr. Walter testified that Crane asbestos gaskets were used at the facility. Walter's Dep. 33, 35–36. The "cracking unit" alone, at which Mr. Walter worked, covered approximately six acres. Walter's Dep. 254. However, no evidence was presented by any defendant or by Mr. Walter which would indicate that that plaintiff had any contact whatever with the Crane gaskets, or that he worked in prox-

imity to them. Mr. Walter also failed to include the plaintiff among the list of co-workers at the Mobil facility which he identified during his deposition. Affidavit of Ned Washburn.

According to Fed.R.Civ.P. 56(c):

The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

As the Supreme Court explained the Rule in *Celotex Corp. v. Catrett*, 477 U.S. ——, ——, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986):

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Furthermore, "the standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)." *Id.* at —— – ——, 106 S.Ct. at 2553, 91 L.Ed.2d at 273–74, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. ——, ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 213 (1986).

In order for the plaintiff or a cross-claimant to recover against Crane in this case, it must be shown that exposure to Crane's asbestos-containing product caused plaintiff injury. Restatement, Second, Torts § 402(A). *See Beshada v. Johns-Manville Products Corp.*, 90 N.J. 191, 199, 447 A.2d 539 (1982), *quoting Suter v. San Angelo Foundry Machine Co.*, 81 N.J. 150, 169, 406 A.2d 140 (1979) (damages under New Jersey law for injuries caused by exposure to defective product); *Conti v. Ford Motor Co.*, 743 F.2d 195, 197 (3d Cir.1984) (Pennsylvania law, adopting Restatement, Sec-

---

**1.** Gloria Richards, F. Lloyd Richards' wife, has also filed a claim for loss of consortium.

ond, Torts § 402A, requires defective product to be cause in fact of injury to warrant award of damages). While questions of causation are ordinarily for the jury, summary judgment may be entered if the party opposing summary judgment cannot produce some evidence tending to show causation. *See Celotex Corp., supra; Conti, supra,* 743 F.2d at 197–98; *Kelly v. Johns-Manville Corp.,* 590 F.Supp. 1089, 1101 (E.D.Pa.1984). To avoid summary judgment here, those opposing it must offer evidence that plaintiff was exposed to Crane asbestos-containing products, either by working with them himself or by working in the vicinity of them. *Pongrac v. Consolidated Rail Corp.,* 632 F.Supp. 126, 129 (E.D.Pa.1985). *See also Blackston v. Fletcher Insulation Co.,* 764 F.2d 1480, 1481–82 (11th Cir.1985).

Here, as in *Pongrac, supra,* it is clear that summary judgment must be entered in favor of Crane. The Walter deposition is evidence indicating that some Crane asbestos products were supplied to the Paulsboro facility. However, no one has presented any evidence tending to establish that this plaintiff was ever exposed to Crane asbestos products in those portions of the facility in which he worked. Indeed, there is no record evidence of which portions of the Mobil facility plaintiff worked in. I conclude, as did the *Pongrac* court, that no reasonable inference can be drawn that Crane caused plaintiff's injuries. I will therefore grant Crane's motion.