Austin KITTRICK and Dorothy E. Kittrick, his wife, Plaintiffs,

v.

GAF CORPORATION, et al., Defendants,

v.

GARLOCK, INC., et al., Third–Party Defendants.

Civ. No. 88–0202.

United States District Court, M.D. Pennsylvania.

Feb. 21, 1989.

---

Antonio D. Pyle, Henderson and Goldberg, Pittsburgh, Pa., for plaintiffs.

Gerald C. Paris, Diane W. Perer, John L. Vitsas, Pittsburgh, Pa., for GAF, Keene Bldg., Flexitallic & U.S. Gypsum Celotex Corp., Keene Corp., Owens–Illinois, Inc. and GAF Corp.

Patrick Riley, Mary Kate Colemen, Pittsburgh, Pa., for Owens–Corning Fiberglas Corp.

Matthew R. Wimer, Reale, Fossee & Ferry P.C., Pittsburgh, Pa., for Empire Ace Insulation Mfg. Corp.

Richard E. Rush, Thomson, Rhodes & Cowie, Pittsburgh, Pa., for Raymark Industries, Inc.

Charlene R. Ehrenwerth & William R. Haushalter, Rosenberg, Kirshner P.A., Pittsburgh, Pa., for Eagle–Picher Industries, Inc.

Kathleen D. Wilkinson, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, Pa., for Cleaver–Brooks.

Fredric L. Goldfein, James P. Hadden, Goldfein and Joseph, Philadelphia, Pa., for Garlock, Inc.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Currently before the court in the above-captioned asbestos action is third-party defendant Cleaver–Brooks' motion for summary judgment. For the reasons that follow, the motion will be denied.

## BACKGROUND

Plaintiffs Austin and Dorothy Kittrick filed this action against defendant-third-party plaintiff Eagle–Picher Industries, Inc. and various other defendants on February 9, 1988. *See* document 1 of record. Plaintiffs allege that, as a proximate result of the inhalation of asbestos fibers and dust contained in the products of defendants, plaintiff Austin Kittrick contracted asbestosis with associated complications, resulting in his total disability. Defendant Eagle–Picher filed a third-party complaint against, *inter alia,* third-party defendant Cleaver–Brooks on August 19, 1988. *See* document 21 of record.

On October 25, 1988, Cleaver–Brooks submitted requests for admissions to plaintiffs in an attempt to determine the extent of plaintiff Austin Kittrick's alleged contact with Cleaver–Brooks' boilers and to establish the nature of the allegations against Cleaver–Brooks. *See* document 42 of record, at ¶ 9 and Exhibit E. The following requests for admissions were made by Cleaver–Brooks: (1) that any packaged boiler allegedly manufactured by it with which plaintiff came in contact at any job site at any time contained no asbestos insulation or asbestos in any form when the boiler left its control; (2) that any insulation surrounding any Cleaver–Brooks boil-

er was added after the boiler was delivered, installed, repaired, or modified at the job site; and (3) that plaintiff was not exposed to any boilers manufactured, mined, milled, fabricated, supplied, or sold by Cleaver–Brooks at any of the job sites on which he worked. *See id.,* Exhibit A. Plaintiffs failed to reply to these request for admissions within the thirty days provided by the Fed.R.Civ.P. 36. *See id.* at ¶ 9.

Third-party defendant filed a motion for summary judgment on January 9, 1989. *See* document 42 of record. A memorandum in support of the motion was attached thereto. Third-party plaintiff Eagle–Picher filed an opposition brief on January 26, 1989. *See* document 72 of record. On February 3, 1989, Cleaver–Brooks filed a reply brief. *See* document 75 of record. This matter is now ripe for disposition.

## DISCUSSION

When examining a motion for summary judgment, the court must view all facts in the light most favorable to the party opposing the motion. *Betz Laboratories, Inc. v. Hines,* 647 F.2d 402, 404 (3d Cir.1981). If there exists a genuine issue as to any material fact, summary judgment must be denied. Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citing 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2725, at pp. 93–95 (1983)). In addition, summary judgment will not lie if the dispute about a material fact is "genuine," that is, "if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Id.* In opposing a motion for summary judgment, a party must present evidentiary affidavits or risk having the undisputed statements contained in the movant's affidavits taken as true. *See* Fed.R.Civ.P. 56(c); *see also Sierra v. Lehigh County Pennsylvania,* 617 F.Supp. 427, 429 (E.D.Pa.1985).

The Supreme Court recently examined Rule 56 in the context of asbestos litigation in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There, the Court stated as follows:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* 477 U.S. at 322, 106 S.Ct. at 2552–2553, 91 L.Ed.2d 265. In making this determination, the court is to apply the same standard used for a directed verdict under Rule 50(a). *See id.* 477 U.S. at 323, 106 S.Ct. at 2553; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250, 106 S.Ct. at 2511, 91 L.Ed.2d 202 (proper standard is whether, "under the governing law, there can be but one reasonable conclusion as to the verdict"); Fed.R.Civ.P. 50(a).

Applying these principles to the present case, in order for third-party plaintiff to avoid summary judgment, it must be shown that exposure to third-party defendant's asbestos-containing products caused plaintiffs' injuries. *See Richards v. Raymark Industries, Inc.,* 660 F.Supp. 599, 600 (E.D.Pa.1987) and authorities cited therein; *Pongrac v. Consolidated Rail Corp.,* 632 F.Supp. 126, 128 (E.D.Pa.1985); *Carollo v. Forty–Eight Insulation, Inc.,* 252 Pa.Super. 422, 381 A.2d 990 (1977). Thus, third-party plaintiff must offer evidence that Austin Kittrick was exposed to the asbestos-containing products of Cleaver–Brooks, either by working with them himself or by working in the vicinity of them. *See Richards v. Raymark Industries, Inc.,* 660 F.Supp. at 601; *Pongrac v. Consolidated Rail Corp.,* 632 F.Supp. at 129; *see also Roehling v. National Gypsum Company Gold Bond Building Products,* 786 F.2d 1225 (4th Cir.1986); *Blackston v. Shook and Fletcher Insulation Co.,* 764 F.2d 1480 (11th Cir.1985); *Eckenrod v. GAF Corp.,* 375 Pa.Super. 187, 544 A.2d 50, 52–53 (1988).

■ Cleaver–Brooks argues that it is entitled to summary judgment based on plaintiff's failure to respond to the requests for admissions. *See* Fed.R.Civ.P. 36(a) ("Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter"). With this argument the court cannot agree. While there is a dearth of authority on this issue, the court believes that plaintiffs' admissions cannot bind third-party plaintiff Eagle–Picher. *See* C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2264, at p. 741 (1970) ("Admissions obtained under Rule 36 may be offered in evidence at the trial of the action, but they are subject to all pertinent objections to admissibility that may be interposed at trial.... It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent"); *id.* at pp. 746–747 ("The admission does not bind the party who requested it.... Nor do the admissions of a party bind a coparty"); *see also Riberglass, Inc. v. Techni–Glass Industries, Inc.*, 811 F.2d 565, 566–567 (11th Cir.1987); *In re Leonetti*, 28 B.R. 1003, 1009–1010 (E.D.Pa.1983), *aff'd mem. sub nom. Earl Realty, Inc. v. Leonetti*, 725 F.2d 667 (3d Cir.1983) (admission of one party is not binding upon a codefendent); *United States v. Wheeler*, 161 F.Supp. 193, 198 (W.D.Ark.1958).

To hold otherwise would be manifestly unfair to third-party plaintiff Eagle–Picher. Plaintiffs have asserted no cause of action directly against Cleaver–Brooks and so they have no great incentive to respond to the requests for admissions. As noted by Eagle–Picher in its opposition brief, it can-not compel plaintiffs to respond to Cleaver–Brooks' requests for admissions. *See* document 72 of record, at pp. 4–5. Under these circumstances, third-party plaintiff Eagle–Picher cannot be bound by plaintiffs' failure to respond to Cleaver–Brooks' requests for admissions.

■ Once this issue is decided, it is obvious that the motion for summary judgment must be denied. Plaintiff Austin Kittrick testified as follows at his deposition:

Q. Do you recall any of the manufacturers of the packaged boilers?

A. Oh, yeah, you got Kewanee Boiler, you got Cleaver–Brooks.

\* \* \* \* \* \*

A. Oh, there is a big one, Spencer. There's another big one, I can't think of the damn name.

Q. Now, each of those was a package boiler which came with asbestos insulation on it?

A. Yes, sir.

*See* document 42 of record, Exhibit D, at pp. 111–112; document 72 of record, Exhibit A, at pp. 111–112. In response to this testimony, Cleaver–Brooks argues as follows:

Plaintiff's testimony is far from clear regarding Cleaver–Brooks. Plaintiff seemed confused in what he was being asked and was first giving boiler names, rather than packaged boiler names. In any event, Mr. Kittrick's testimony concerning asbestos insulation could be read as referring only to Spencer and, in any event, when compared to Mr. Provance's Affidavit testimony[1] is dead wrong.

*See* document 75 of record, at p. 4. The court agrees that plaintiff's deposition testimony is unclear and that it is contradicted by Provance's affidavit. Nevertheless, it clearly creates a genuine issue of material fact as to whether plaintiff was exposed to

---

1. George Provance is the Technical Director for third-party defendant Cleaver–Brooks. In support of the motion for summary judgment, he submitted an affidavit that reads, in pertinent part, as follows:

[I have] reviewed the records of Cleaver–Brooks in order to determine whether Cleaver–Brooks supplied any boilers insulated with asbestos, and as a result of such records review I have determined that Cleaver–Brooks did not supply any boilers insulated with asbestos or containing asbestos insulation to which Austin Kittrick could ever have come in contact with.

*See* document 42 of record, Exhibit C.

an asbestos-containing product manufactured by Cleaver–Brooks. Such an issue must be submitted to a jury and may not be decided on a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. at 2511, 91 L.Ed.2d 202 ("at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial"). Third-party defendant's motion for summary judgment will therefore be denied.[2]

An appropriate Order will enter.

### ORDER

NOW, this 21st day of February, 1989, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT third-party defendant Cleaver–Brooks' motion for summary judgment is denied.

---

**2.** Cleaver–Brooks argues that, because only third-party plaintiff Eagle–Picher opposed the motion for summary judgment, it is entitled to judgment as to plaintiffs and the remaining original defendants. The court must disagree. A third-party complaint is proper only when "a person not a party to the action ... is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). Once the third-party complaint is served, "the claim it interposes is to be treated as a separate dispute...." 6 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 1460, at pp. 324–325 (1971). Thus, Cleaver–Brooks' motion has no effect on any party not named in the third-party complaint.