John **HARKOVICH**, Plaintiff,

v.

**KEENE CORPORATION and W.R. Grace & Co., et al., Defendants.**

**Civ. No. 88–1705.**

United States District Court, M.D. Pennsylvania.

Oct. 16, 1989.

Norman Perlberg, Larry Hafts, Philadelphia, Pa., for plaintiff.

Richard E. Rush, Pittsburgh, Pa., Marilyn Heffley, Andrew J. Trevelise, S. Courtney Gray, Joseph F. VanHorn, Jr., Walter L. McDonough, Swartz, Campbell & Detweiler, Philadelphia, Pa., William A. Jones, W. Conshohocken, Pa., Gerald C. Paris, Diane W. Perer, Reed, Smith, Shaw & McClay, Patrick R. Riley, Riley & DeFalice P.C., Patrick A. Hewitt, Pittsburgh, Pa., Arthur Makadon, Ballard Spahr Andrews & Ingersoll, Philadelphia, Pa., James M. Howley, J. Joseph Grady, Scranton, Pa., James P. Gannon, Media, Pa., for defendants.

## MEMORANDUM AND ORDER

CONABOY, Chief Judge.

Before the Court are motions for summary judgment filed by Defendants Owens–Corning Fiberglas Corporation ("OCF") and Owens–Illinois ("OI"). Both of these Defendants are manufacturers or suppliers of products containing asbestos which are alleged to have caused injury to the Plaintiff as a result of his exposure to those products during his career as a glazier. The Defendants argue that summary judgment is appropriate in this case because they believe that Mr. Harkovich has failed to offer evidence sufficient to prove that he actually worked with or was sufficiently exposed to asbestos-containing products that the Defendants manufactured.

We have carefully reviewed the documents submitted by both the Plaintiff and the Defendants relative to the summary judgment motions, mindful of the Pennsylvania law that a products liability plaintiff must link his injury to the Defendants' manufacture or distribution of a specific product. *Richards v. Raymark Industries*, 660 F.Supp. 599, 600–601 (E.D.Pa. 1987); *Pongrac v. Consolidated Rail Corp.*, 632 F.Supp. 126, 128 (E.D.Pa.1985). For the following reasons, we shall grant the summary judgment motions.

## DISCUSSION

Federal Rule of Civil Procedure 56(c) requires that we render summary judgment "... forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "[T]his standard provides that the mere existence of *some* factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). (emphasis in original).

The Supreme Court has interpreted the language of Rule 56(c) to require an entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), i.e., that there is no genuine issue regarding a fact necessary for a party to prove at trial in order to prevail. An issue of fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Anderson, supra*, 477 U.S. at 257, 106 S.Ct. at 2514; *Hankins v. Temple University*, 829 F.2d 437, 444 (3d Cir.1987); *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

In determining whether an issue of material fact does exist, all inferences must be drawn against the moving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir.1988); 6 J. Moore, Moore's Federal Practice ¶ 56.04[2]. In order to stave off a summary judgment motion, however, the non-moving party may not rest on the bare allegations contained in his or her pleadings. When the moving party has satisfied its burden of identifying evidence which demonstrates an absence of a genuine issue of material fact, *see Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir.1988), the nonmoving party is required by Federal Rule of Civil Procedure 56(e) to go beyond

the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex, supra,* 477 U.S. at 324, 106 S.Ct. at 2553. When Rule 56(e) shifts the burden of proof to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. *Equimark, supra* at 144.[1]

Here, we are confronted with the issue of whether Mr. Harkovich has presented the Court with enough evidence of both asbestos product identification and asbestos product use to overcome the Defendants' motions for summary judgment. The leading case on this point of law is *Eckenrod v. GAF Corporation,* 375 Pa.Super. 187, 544 A.2d 50 (1988), *allocatur denied,* 520 Pa. 605, 553 A.2d 968 (1988). In *Eckenrod,* the Pennsylvania Superior Court upheld a trial court order granting summary judgment in favor of Defendants who manufactured or supplied asbestos products which allegedly caused the death of the Plaintiff's decedent where the Plaintiff did not present evidence to show that her deceased husband inhaled asbestos fibers shed by the Defendants' products. In spite of the fact that the Plaintiff submitted affidavits of her husband's co-workers which admitted that her husband had been exposed to asbestos products, the *Eckenrod* Court held that the evidence presented was insufficient to defeat summary judgment since the affidavits neither clarified the proximity of the asbestos products to the workers nor did it tend to prove that the Defendants actually manufactured the products being used. *Id.,* 544 A.2d at 52–53.

The *Eckenrod* standards are strict. *Samarin v. GAF Corp.,* 391 Pa.Super. 340, 571 A.2d 398, 404 (1989).[2] Evidence that demonstrates the general or possible presence of a particular asbestos product at a particular job site where the Plaintiff

worked is clearly not enough to defeat a summary judgment motion; the Plaintiff must produce evidence that shows a specific nexus between the Defendant's product and the Plaintiff's harm. *Id.,* 571 A.2d at 409–10. The mere presence of a product at a facility without proof of something more does not establish that any particular person at the facility actually breathed airborne asbestos fibers from that product. *Id.,* 571 A.2d at 407.

At his deposition, Mr. Harkovich testified that in his thirty-year career as a glazier he never used asbestos products personally, but claims to have been exposed to asbestos from working around other laborers, such as pipefitters, who regularly worked with asbestos products. While the Plaintiff did testify at his deposition that he saw boxes of OCF and OI pipecoverings at work at some time during his career, he introduced no evidence whatsoever that placed a specific product at a specific job site at any time during his working life. Mr. Harkovich admitted to having "sometimes" worked in close proximity, "sometimes not", to individuals working with asbestos products.

The Court finds that the evidence presented, construed quite liberally in favor of the Plaintiff, fails to even place the Plaintiff in the vicinity of asbestos-containing products manufactured or distributed by OI or OCF at any time during his career. We find no evidence, either recorded or circumstantial, which suggests that Mr. Harkovich ever breathed airborne asbestos fibers from any specific asbestos product on any specific occasion. *See Carollo v. Forty–Eight Insulation,* 252 Pa.Super. 422, 381 A.2d 990 (1977). Therefore, we must grant summary judgment in favor of the moving Defendants.

---

1. Naturally, however, if "the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Advisory Committee Notes to Fed.R.Civ.P. 56(e) (1963 Amend.).

2. Consolidated for argument on appeal and disposed of in the same Order as *Cartwright v. GAF Corp.,* 391 Pa.Super. 340, 571 A.2d 398 (1989) and *Byers v. GAF Corp.,* 391 Pa.Super. 340, 571 A.2d 398 (1989).