**R.J. ALIPOUR and Joan Alipour d/b/a Pointe After, and Bartow County Bank, Plaintiffs,**

v.

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. 4:89–cv–240–HLM.**

United States District Court,
N.D. Georgia,
Rome Division.

June 11, 1990.

---

214

John E. Sawhill, III, Office of John E. Sawhill, III, Rome, Ga., for R.J. and Joan Alipour.

Jefferson L. Davis, Jr., Davis & White, Cartersville, Ga., for Bartow County Bank.

Janis C. Gordon, Michael A. McKenzie, Colleen Patricia O'Neill, McKenzie & McPhail, Atlanta, Ga., for State Auto. Mut. Ins. Co.

## ORDER

HAROLD L. MURPHY, District Judge.

State Automobile Mutual Insurance Company (State Auto) moves the Court to reconsider its decision denying summary judgment against Bartow County Bank, the loss payee of the Alipours' insurance contract. In that order, the Court entered judgment against the Alipours because they failed to respond to discovery requests or to the motion for summary judgment, with the legal consequence that material matters were deemed admitted by them.[1] The Court found further that even though the rights of Bartow County Bank, as loss payee, are derivative to the Alipours, *see Brooker v. American Ins. Co.*, 65 Ga.App. 713, 16 S.E.2d 251 (1941), the admissions of the Alipours are not attributable to the bank, under *Riberglass, Inc. v. Techni-Glass Industries, Inc.*, 811 F.2d 565 (11th Cir.1987). Upon reconsideration, the Court concludes that its original determination was correct, and enters this order to clarify the basis for its ruling.

The loss payable clause in the contract at bar reads as follows:

Loss, if any, shall be adjusted with the insured and shall be payable to the insured and the loss payee named in the Declarations as their interests may appear.

This type of loss payable clause is termed an "open" clause, as opposed to a "New York, standard or union clause." 5A J. Appleman & J. Appleman, Insurance Law and Practice, § 3401 at 282 (1970).[2] The critical distinction between these two types of clauses is that, under an open clause, the mortgagee is not in a contractual relationship with the insurer, with the result that the mortgagee is affected by any acts or defaults of the mortgagor. *See generally id.* at 282–96 & § 3401 (Supp.1989); *id.* at 289–90 ("[u]nder a standard mortgage clause, ... any breach of the policy terms and conditions committed by the mortgagor is no defense to an action by the mortgagee"); *id.* at 293–94 ("[t]his is the important distinction between the standard or union mortgage clause and the open loss payable clause in which the mortgagee could not

---

1. *See* Fed.R.Civ.P. 36(a) (a matter for which an admission is requested during discovery is deemed admitted unless the party receiving the request makes a timely and legally sufficient written answer).

2. A typical "New York, standard, or union clause" reads as follows:

   This insurance, as to the interest of the mortgagee only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any fore-closure or other proceedings or notice of sale relating to the property, nor by any change in its title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy, provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the same.

   **Insurance Law and Practice,** § 3401 at 282.

recover where the insured was barred from recovery.... The rights of the mortgagee in that type of contract are purely derivative, and if the mortgagor would have no right to recover, neither would the mortgagor"); *Ins. Co. of North America v. Gulf Oil Corp.*, 106 Ga.App. 382, 384–85, 127 S.E.2d 43 (1962) (construing an open clause and distinguishing a standard clause); *Ingersoll–Rand Financial Corp. v. Employers Ins. of Wausau*, 771 F.2d 910, 912–14 & n. 3 (5th Cir.1985) (construing a standard clause and distinguishing an open clause), *cert. denied* 475 U.S. 1046, 106 S.Ct. 1263, 89 L.Ed.2d 573 (1986).

Under the substantive law, therefore, Bartow County Bank's right to payment pursuant to the loss payable clause depends on the Alipours' right to recover under the insurance contract. The Eleventh Circuit's reasoning in *Riberglass*, however, prohibits the entry of summary judgment against Bartow County Bank. In *Riberglass*, the district court entered summary judgment in favor of the creditor and against the debtor and one of its guarantors because the latter failed to respond to requests for admissions and, consequently, material matters were deemed admitted by them.

Additionally, based on judgment having been entered against those two parties, the district court entered summary judgment against Morris, the other guarantor, because his rights "rose or fell" with his co-guarantor's rights. The Eleventh Circuit reversed the entry of judgment against Morris, finding that because Morris had responded to his requests for admissions in a "timely and legally sufficient manner," Morris should not have been "saddled" with the deemed admissions of his codefendants. 811 F.2d at 566–67.

In *Riberglass*, therefore, the Eleventh Circuit decided that even where the liability of a guarantor depends on the liability of a co-party, deemed admissions of the latter

that it is indebted to the creditor does not justify the entry of judgment against the guarantor who has responded sufficiently to requests for admissions. The rationale underlying the *Riberglass* decision is more fully explained in *Kittrick v. GAF Corp.*, 125 F.R.D. 103 (M.D.Pa.1989). Mr. Kittrick alleged that he contracted asbestosis from fibers contained in the products of Eagle–Picher Industries, Inc., and Eagle–Picher impleaded Cleaver–Brooks, the manufacturer of the boiler that was allegedly insulated with the asbestos that allegedly injured Kittrick. Kittrick failed to respond to material requests for admissions propounded by Cleaver–Brooks.

The Court refused to enter summary judgment for Cleaver–Brooks and against Eagle–Picher based on Kittrick's failure to respond to the requests for admissions, and reasoned as follows:

> While there is a dearth of authority on this issue, the court believes that plaintiff's admissions cannot bind third-party plaintiff Eagle–Picher. *See* C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2264, at p. 741 (1970) ("Admissions obtained under Rule 36 may be offered in evidence at the trial of the action, but they are subject to all pertinent objections to admissibility that may be interposed at trial.... It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent"); *id.* at pp. 746–747 ("The admission does not bind the party who requested it.... Nor do the admissions of a party bind a co-party").

125 F.R.D. at 106 (citations omitted).

Under the authorities cited, Bartow County Bank is not bound by the admissions of the Alipours notwithstanding the substantive rule that, as loss payee, the bank's right to recover depends on the Alipours' right to recover.[3] Procedurally,

---

**3.** State Auto maintains that its case is distinguishable from *Riberglass* in that its case "does not involve merely co-plaintiffs, but the very special relationship between an insured and loss payee." The Court rejects this distinction because, as explained in the text, *Riberglass* did not involve "merely" co-parties, but a similar "very special relationship" between guarantors and their guarantee. Likewise, *Kittrick* did not involve merely co-parties but a third-party im-

therefore, Bartow County Bank will have the opportunity at trial to prove that the Alipours are entitled to recover, and thus that State Auto is liable to it as loss payee, even though, due to their failure to respond to the requests for admissions, the Alipours are now precluded from recovering as a matter of law.

ACCORDINGLY, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

pleader claim. As in the instant case, the *Riberglass* and *Kittrick* Courts were faced with parties whose rights or liabilities are derivative of the party who failed to respond to material admissions. The rules announced in the *Riberglass* and *Kittrick* opinions are therefore fully applicable to the instant case.