Filed 8/21/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JOSE R. INZUNZA et al., | B318956 |
| Defendants and Appellants, | (Los Angeles County Super. Ct. No. BC678942) |
| v. | |
| MARIA NARANJO et al., | |
| Plaintiffs and Respondents. | |

     APPEAL from a judgment of the Superior Court of Los Angeles County, Mel Red Recana, Judge. Reversed in part and remanded with directions.

     Locke Lord, Susan A. Kidwell; Clark Hill and Pamela A. Palmer for Defendant and Appellant CR GTS, Inc.

     Clark Hill, Dean Olson, Pamela Palmer; Greines, Martin, Stein & Richland, Robert A. Olson and Laura G. Lim for Defendant and Appellant Jose R. Inzunza.

     California Truck Injury Law and Katherine Harvey-Lee for Plaintiffs and Respondents.

# INTRODUCTION

Jose I.V. Naranjo died after his pick-up truck collided with a tractor-trailer driven by Jose R. Inzunza (Inzunza) for CR GTS, Inc. (CRGTS), an interstate motor carrier. Jose's surviving spouse (Maria ), their four adult children (Griselda, Araceli, Jose Jr., and Oscar), and Jose's two adult stepchildren (Carla and Luis) (collectively, plaintiffs)[1] brought this wrongful death action against defendants and appellants Inzunza and CRGTS (collectively, defendants).

The jury returned a verdict in favor of plaintiffs. CRGTS appeals from the judgment, contending: (1) the trial court prejudicially erred by precluding it from contesting liability and comparative fault and, instead, imputing Inzunza's deemed admissions to CRGTS to establish its liability; and (2) the verdicts in favor of the stepchildren must be vacated because no substantial evidence supports a finding that they were financially dependent on the decedent at the time of his death – an essential element of standing to bring a wrongful death claim under Code of Civil Procedure section 377.60, subdivision (b)(1).[2] Inzunza separately appeals from the judgment, contending: (1) the jury's award of noneconomic damages to Maria was excessive as a matter of law (CRGTS joins this argument); and (2) in addition to the lack of evidence to support the stepchildren's standing, the trial court also improperly instructed the jury regarding the necessary elements for stepchild standing in a wrongful death action.

For the reasons discussed below, we agree with CRGTS's first contention and conclude the trial court prejudicially erred by

---

1      Because the decedent and some of the plaintiffs share a surname, we use their first names when referring to them individually to avoid confusion.

2      All further undesignated statutory references are to the Code of Civil Procedure.

2

precluding CRGTS from presenting evidence contesting liability and of comparative fault. Accordingly, we reverse the judgment against CRGTS and remand the action for a new trial against CRGTS. The judgment against Inzunza is set aside pending the outcome of the new trial. We address defendants' additional contentions only to the extent they regard issues likely to arise on retrial.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

In December 2015, Jose was involved in a fatal car accident involving a tractor trailer driven by Inzunza and owned by CRGTS. According to eyewitnesses, a portion of the tractor trailer was partially blocking the left lane of a divided highway when Jose's vehicle collided with it.

Plaintiffs filed a wrongful death action against Inzunza and CRGTS, alleging a single cause of action for negligence.[4] They alleged defendants were negligent and proximately caused Jose's fatal injuries. They further alleged Inzunza was driving the tractor trailer while working for CRGTS in the course and scope of his employment.

Plaintiffs later propounded requests for admission on Inzunza. The requests sought the following admissions, among others: Inzunza was negligent, Inzunza's negligence caused the accident, no negligence on the part of the decedent caused or contributed to the fatal injuries he sustained, and Inzunza's negligence proximately caused the fatal injuries to decedent. Despite receiving multiple extensions of time to respond, Inzunza failed to serve any responses to the requests. Thus, plaintiffs filed

---

3    Except for background facts included for context, we limit our recitation of the facts to those relevant to the issues we are deciding.

4    Plaintiffs also sued Kershaw Fruit & Cold Storage, Inc., and later added Carlos Gonzalez as a defendant. Neither party remained in the case at the time of trial.

3

a motion for an order that the truth of each matter specified in the requests for admission propounded on Inzunza be deemed admitted under section 2033.280, subdivision (b).[5] In opposition to the motion, Inzunza's counsel explained they lost contact with Inzunza despite multiple attempts to reach him, including by hiring two private investigators. The court found that "[w]hile [Inzunza's] counsel demonstrates that they made reasonable efforts to locate and contact [Inzunza], [Inzunza's] counsel does not show [Inzunza] is not attempting to evade the lawsuit or discovery demand." On that basis, the court granted plaintiffs' motion, and "deem[ed] admitted the truth of the matters set forth in Requests for Admission, Set One, to defendant Jose R. Inzunza."

Plaintiffs also propounded requests for admission on CRGTS. Several of the requests were the same as those propounded on Inzunza, including: admit that Inzunza caused or contributed to the accident, admit Inzunza was negligent, admit the negligence of Inzunza was the cause of the fatal injuries to Jose, and admit no negligence on the part of Jose caused or contributed to the fatal injuries he sustained. CRGTS provided verified responses denying these requests.[6]

---

5     Section 2033.280, subdivision (b) states, in relevant part: If a party to whom requests for admission are directed fails to serve a timely response, the "requesting party may move for an order that . . . the truth of any matters specified in the requests be deemed admitted . . . ."

6     CRGTS originally provided unverified responses to the requests for admission, and plaintiffs obtained an order from the court deeming the requests admitted based on the "incomplete," "evasive," and unverified responses. It is undisputed, however, that the parties entered into a stipulation under which the order deeming the requests admitted was withdrawn, and CRGTS ultimately served verified responses to the requests for admission.

4

Before trial, plaintiffs filed a motion in limine to preclude defendants "from offering evidence, expert opinion, exhibits, writings, testimony, reference or argument contrary to the Requests for Admissions propounded to [Inzunza] which were deemed admitted by court order . . . ." Plaintiffs argued the admissions by Inzunza conclusively established that Inzunza caused the accident and Jose bore no comparative fault. Thus, according to plaintiffs, "the court must exclude any opinion testimony by . . . experts, or indeed any other evidence or argument that conflicts or casts doubt on the admitted liability of [Inzunza]." CRGTS filed its own motion in limine for "an order permitting evidence regarding liability . . . as to . . . CRGTS . . . ." After hearing argument, the trial court granted plaintiffs' motion and denied CRGTS's motion on the ground it was moot. The trial court explained that CRGTS could present evidence that Inzunza was acting beyond the scope of his employment, and therefore, CRGTS is not vicariously liable. The court ruled CRGTS could not, however, present evidence of comparative fault.

Just before the start of trial, the court heard argument on how to implement its decision to grant plaintiffs' motion in limine to preclude evidence contrary to Inzunza's deemed admissions. CRGTS's counsel explained: "[W]e had three eyewitnesses . . . who had been deposed . . . . We were prepared to provide their testimony that it appeared that the decedent was not paying attention; he never put his brakes on, they saw the vehicle but somehow the decedent didn't see or react to the vehicle." In response, plaintiffs' counsel argued Inzunza's deemed admissions "precluded any evidence coming in that would contradict those deemed admissions," and that meant that "not CRGTS, not [p]laintiffs, not anybody [sic] can bring in evidence contrary [to] or contesting deemed admissions." The trial court agreed with plaintiffs.

At trial, plaintiffs read Inzunza's deemed admissions to the jury. Plaintiffs also called two of Jose's grandchildren, his two

5

stepchildren, his four children, his surviving spouse, and a damages expert to testify. Unable to contest that Inzunza was entirely at fault for the accident, defendants called only a damages expert to testify about the value of Jose's household services.

The jury returned a verdict in favor of plaintiffs. The jury determined Inzunza was negligent and his negligence was a substantial factor in causing harm to Jose and plaintiffs. The jury also determined Inzunza was the agent of CRGTS and was acting within the scope of his agency when he harmed Jose and plaintiffs. The jury awarded a total of $7,619,000 to plaintiffs, including Jose's two adult stepchildren. The court entered judgment on the verdict, holding CRGTS and Inzunza jointly and severally liable.

Defendants moved for a new trial and for partial judgment notwithstanding the verdict. The court denied both motions. CRGTS and Inzunza each appealed from the final judgment.

## DISCUSSION

### 1. Inzunza's Deemed Admissions Do Not Preclude CRGTS From Introducing Evidence Contrary to Those Admissions

#### A. Governing Principles and Standard of Review

When a party to whom requests for admission are directed fails to serve a timely response, "[t]he requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted . . . ." (§ 2033.280, subd. (b).) The court "shall make this order," unless it finds the party to whom requests for admission have been directed has served, before the hearing on the motion, a proposed response that substantially complies with the discovery statutes. (§ 2033.280, subd. (c).) "[A] deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein."

6

(*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 979.) Any matter deemed to have been admitted "is conclusively established against the party making the admission" but "is binding only on th[e] party" that made the admission. (§ 2033.410, subds. (a) & (b).)

"'Generally, a trial court's ruling on an in limine motion is reviewed for abuse of discretion.'" (*Appel v. Superior Court* (2013) 214 Cal.App.4th 329, 336.) Here, however, the trial court's order was predicated on its interpretation of section 2033.410. We therefore exercise de novo review. (*Ibid* ["'Statutory construction is a question of law we decide de novo'"].)

### B. Analysis

Plaintiffs acknowledge, as they must, that deemed admissions are conclusively established only against the party making the admission. (§ 2033.410, subds. (a) & (b).) Plaintiffs nevertheless contend the trial court correctly ruled CRGTS was also precluded from introducing evidence on the issues of liability and comparative fault because that evidence would directly contradict Inzunza's deemed admissions, and CRGTS's liability is merely derivative of Inzunza's based on the doctrine of vicarious liability. CRGTS counters that precluding it from introducing evidence contrary to Inzunza's deemed admissions effectively makes Inzunza's admissions binding on CRGTS. CRGTS explains that because it is vicariously liable for Inzunza's tortious conduct, prohibiting it from introducing evidence of liability and comparative fault imputes Inzunza's failure to respond to requests for admission to CRGTS in violation of section 2033.410, subdivisions (a) and (b). For the reasons discussed below, we agree with CRGTS.

We begin with the plain language of the statute. (*Estate of Griswold* (2001) 25 Cal.4th 904, 911 ["If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs"].) As noted above, section 2033.410 provides, in relevant part, that any

7

matter deemed admitted "is conclusively established *against the party making the admission*" and is "binding only *on that party*." (§ 2033.410, subds. (a) and (b), italics added.) It is undisputed that Inzunza failed to respond to plaintiffs' requests for admission propounded on him, and the trial court correctly deemed the matters in the requests admitted by Inzunza. It is also undisputed, however, that CRGTS timely responded to plaintiffs' requests for admission, and denied some of the same requests as those deemed admitted by Inzunza (i.e., that Inzunza negligently caused the accident and that Jose was not comparatively at fault). The basis of plaintiffs' action against CRGTS is vicarious liability arising from the acts of Inzunza. Vicarious liability of an employer is wholly derivative of the employee's fault. If the employee is not at fault, the employer is not vicariously liable. (See *Lathrop v. HealthCare Partners Medical Group* (2004) 114 Cal.App.4th 1412, 1426 ["[v]icarious liability of an employer is not based on fault and is wholly derivative"].) Thus, by precluding CRGTS from introducing evidence contesting liability, the trial court saddled it with Inzunza's deemed admissions—making his admissions of fault binding not only on Inzunza, but also CRGTS, in violation of section 2033.410.

Despite the clear language of the statute, plaintiffs argue "[u]nanimous authorities preclude *any* party from introducing evidence to contest deemed admissions being held against the party who made them." (Italics added.) There are two problems with this argument. First, plaintiffs appear to rely on *Murillo v. Superior Court* (2006) 143 Cal.App.4th 730 (*Murillo*) and *People v. $2,709 United States Currency* (2014) 231 Cal.App.4th 1278 (*$2709 United States Currency*) for the proposition that section 2033.410 prevents *all* parties from introducing evidence contrary to deemed admissions. The courts in those cases stated the "general rule [that] an admission is conclusive in the action as to the party making it" and "no contradictory evidence may be

8

introduced." (*Murillo, supra*, 143 Cal.App.4th at p. 736; *$2709 United States Currency*, *supra*, 231 Cal.App.4th at p. 1286.) Neither case, however, involved multiple defendants. Thus, the courts in *Murillo* and *$2709 United States Currency* had no occasion to address the issue here, i.e., whether a defendant may introduce evidence contrary to a codefendant's deemed admissions to demonstrate the party's (as opposed to codefendant's) non-liability. (See *Rosen v. State Farm General Ins. Co.* (2003) 30 Cal.4th 1070, 1076 ["'It is a well-established rule that an opinion is only authority for those issues actually considered or decided'"].)

Second, contrary to plaintiffs' assertion, Inzunza's deemed admissions were, in practical effect, used against a party that denied the very same requests. As discussed above, CRGTS is vicariously liable for its agent's negligence if the agent was acting within the scope of his agency. (See *Presbyterian Camp & Conference Centers, Inc. v. Superior Court* (2021) 12 Cal.5th 493, 502.) But Izunza was not acting as CRGTS's agent when he failed to timely deny the requests for admissions addressed to him. Thus, while it is fair to hold CRGTS liable for Inzunza's actual actions and inactions during the course and scope of his employment as its agent, it is unfair to hold CRGTS liable for deemed admissions of fault resulting from Inzunza's failure to timely respond to the requests for admissions.

We likewise reject plaintiffs' argument that the jury instructions preclude any party from introducing evidence contrary to the deemed admissions of one defendant. The instruction given to the jury on requests for admission, California Civil Jury Instruction (CACI) No. 210, provides: "Before trial, each party has the right to ask another party to admit in writing that certain matters are true. If the other party admits those matters, you must accept them as true. No further evidence is required to prove them." But nothing in the jury instruction

9

states the jury must accept those matters as true as against a party who denied the same requests.[7]

The parties have not directed us to, and we have not located, a case directly addressing the issue presented, i.e., whether the deemed admissions of an agent preclude the principal from introducing evidence of liability and comparative fault. In an analogous context involving defaulting defendants, however, courts have held that admissions implied from the default of one defendant are *not* binding on a codefendant who answered, and expressly denied, the allegations in the complaint.

For example, in *Taylor v. Socony Mobil Oil Co.* (1966) 242 Cal.App.2d 832, 833 (*Taylor*), the plaintiff sued Socony Mobil and its employee for malicious prosecution. The employee failed to answer the complaint and his default was entered, but Socony Mobil answered, "denying all material allegations of the complaint." (*Ibid.*) The action went to trial against Socony Mobil and at the conclusion of plaintiff's case, the trial court granted Socony Mobil's motion for nonsuit. (*Ibid.*) On appeal, the plaintiff did "not seriously argue that he presented testimony constituting a prima facie showing of lack of probable cause or of malice" but argued "proof of these issues is supplied by the pleadings" because the employee admitted the allegations in the pleadings by failing to answer the complaint. (*Id.* at pp. 833-834.) The Court of Appeal affirmed the judgment, explaining: "The validity of plaintiff's argument rests upon his major premise that an admission implied from the default of one defendant is binding

---

7    We note that, in brackets, CACI No. 210 states: "However, these matters must be considered true only as they apply to the party who admitted they were true." And, in the directions for use of the instruction, it states: "The bracketed phrase should be given if there are multiple parties." It appears on the record before us that neither party requested this sentence be included in the instruction. On retrial, in accordance with the directions for use of the instruction, the bracketed sentence should be included.

upon an answering codefendant who has denied the relevant allegations of the complaint. His position is untenable." (*Id.* at p. 834.) Rather, "the correct rule . . . [is] ' . . . that admissions implied from the default of one defendant ordinarily are not binding upon a codefendant who, by answering, expressly denies and places in issue the truth of the allegations thus admitted by the absent party.'" (*Ibid.*)

Similarly, in *Western Heritage Insurance Co. v. Superior Court* (2011) 199 Cal.App.4th 1196, 1199-1200 (*Western Heritage*), the court held an intervening insurer was permitted to litigate the issue of liability notwithstanding its insured's default. The court explained: "A party's default does not bind nondefaulting codefendants, even when the basis for the action against the codefendants is vicarious liability arising from the acts of the defaulting defendant." (*Id.* at p. 1211.)

Plaintiffs' attempt to distinguish these cases is unavailing. First, plaintiffs claim *Taylor* and *Western Heritage* involved "default[ing] parties with wildly different procedural postures and fact patterns." They point to the fact that in *Taylor*, the defaulting employee never answered the complaint or appeared in the case, and in *Western Heritage*, the employee's answer had been stricken at the plaintiff's request. We fail to understand the significance of these distinctions. Whether the defendant fails to answer the complaint, or to respond to requests for admission, facts are established by his or her failure to respond. Thus, the principles expressed in *Taylor* and *Western Heritage* should equally apply here (or perhaps with even greater force in the deemed admissions context) because the controlling statute explicitly states admissions by one party are "binding only on that party[.]" (§ 2033.410, subd. (b).)

Next, plaintiffs contend CRGTS "misapplies another holding in *Taylor*." We disagree. In *Taylor*, as an additional reason in support of its holding, the court explained that, "under the rules of evidence[,]" declarations of an agent are admissible

11

only when made during the course of his agency and at the time the event occurred. (*Taylor, supra*, 242 Cal.App.2d at p. 834.) The admissions in *Taylor*, the court explained, were made not only after the event occurred, but also after his employment had terminated. (*Ibid.*) Thus, the employee's admissions implied from his default could not bind his employer. (*Ibid.*) So too, here. Inzunza's admissions were deemed to have been made long after the accident in 2015. This additional point in *Taylor*, therefore, lends further support to CRGTS's argument that the principles in *Taylor* should apply here.

In sum, we conclude an agent's deemed admissions do not bind the principal codefendant, even when the basis for the action against the principal codefendant is vicarious liability arising from the acts of the agent.[8] To hold otherwise would directly contradict the plain language of section 2033.410. The trial court therefore erred by precluding CRGTS from introducing evidence of non-liability and comparative fault. This error clearly was prejudicial. We therefore reverse the judgment against CRGTS and remand for a new trial. The judgment against Inzunza must be set aside pending the outcome of that trial. (See *Adams Mfg. & Engineering Co. v. Coast Centerless Grinding Co.* (1960) 184 Cal.App.2d 649, 655 ["[W]here there are two or more defendants and the liability of one is dependent upon that of the other, the

---

8      We note other jurisdictions have reached the same conclusion. (See, e.g., *Riberglass, Inc. v. Techni-Glass Industries, Inc.* (11th Cir. 1987) 811 F.2d 565, 566-567 [Even where the liability of a guarantor depends on the liability of a co-party, deemed admissions of the latter that it is indebted to the creditor do not justify the entry of judgment against the guarantor who has responded sufficiently to requests for admissions]; see also *Alipour v. State Auto. Mut. Ins. Co.* (N.D. Ga. 1990) 131 F.R.D. 213, 215-216, fn. 3 [even in cases involving defendants whose rights or liabilities are derivative of the party who failed to respond to material admissions, the deemed admissions of one defendant are not binding on the codefendant].)

default of one of them does not preclude his having the benefit of his codefendants establishing, after a contested hearing, the nonexistence of the controlling fact; in such case the defaulting defendant is entitled to have judgment in his favor along with the successful contesting defendant"]; see also *Western Heritage, supra,* 199 Cal.App.4th at p. 1210, fn. 18 ["[I]f the action is still pending against a party which may be jointly liable with the defaulting insured, it is improper to enter judgment against the defaulting defendant while the action remains pending against the other defendant"].)

## 2. Additional Contentions of Error at Trial

In light of our conclusion that the case must be remanded for a new trial, we need not address defendants' other contentions (i.e., no substantial evidence that the stepchildren were financially dependent on the decedent at the time of his death, and the noneconomic damages awarded to Maria were excessive as a matter of law). To assist the parties and the trial court, however, we address Inzunza's instructional error contention because it is likely to arise on retrial.

Inzunza contends the trial court's instruction on stepchild standing contained the wrong standard. Under section 377.60, subdivision (b)(1), stepchildren of the decedent may bring a wrongful death action "if they were dependent on the decedent[.]" For purposes of this subdivision, dependence refers to financial support at the time of decedent's death, or at most, two years before the decedent's death. (See, e.g., *Chavez v. Carpenter* (2001) 91 Cal.App.4th 1433, 1445, 1447-1148.)

The trial court gave the following instruction, proposed by plaintiffs: "Under California law, a stepchild is permitted to bring a claim for wrongful death if they are dependent, to some extent, upon the decedent for the necessaries of life. No strict formula can be applied to determine this. If a stepchild received financial support from their parent which helped them in obtaining the

13

things which one cannot and should not do without, then that stepchild is dependent upon their parent and is qualified to bring a wrongful death claim. Such things may include, but are not limited to, shelter, clothing, food, utilities, car payments, medical treatment, and other customary living expenses." Inzunza asserts the instruction "erroneously implied that dependence could occur at any point in the stepchild's life" rather than "*present* dependence." (Original italics.) He argues defendants' proposed instruction included the necessary temporal restriction. Their proposed instruction provided, in part: "[I]n order for you to award damages to either [Carla or Luis], you must find that either stepchild was dependent on the decedent. Dependence is defined as financial support, 'actually dependent, to some extent, upon the decedent for necessaires of life . . . which aids them in obtaining the things, such as shelter, clothing, food and medical treatment which one cannot and should not do without.'"

We are unpersuaded. Indeed, we find defendants' proposed instruction is not any clearer on the temporal issue than the instruction given. We therefore conclude the trial court did not err by giving plaintiffs' proposed instruction, which correctly used present tense in the introductory sentence: "[A] stepchild is permitted to bring a claim for wrongful death if they *are* dependent, to some extent, upon the decedent for the necessaries of life." (Italics added.)

14

## DISPOSITION

The judgment against CRGTS is reversed and the matter is remanded for a new trial against CRGTS. The judgment against Inzunza is set aside pending the outcome of that trial. In the event plaintiffs decide not to retry the action, the trial court is instructed to enter a new judgment against Inzunza only. Assuming that happens, this opinion does not prejudice Inzunza's right to appeal from the new judgment, and renew his arguments raised in this appeal that we have not decided (i.e., the noneconomic damages awarded to Maria were excessive as a matter of law and the stepchildren lacked standing to bring a wrongful death claim) on the ground those arguments may be moot depending on whether plaintiffs retry the case. CRGTS is awarded its costs on appeal.

## CERTIFIED FOR PUBLICATION

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.

15